## 58776. HODGE v. THE STATE.

BIRDSONG, Judge.

James Earl Hodge was indicted for murder and convicted of voluntary manslaughter. He was sentenced to twenty years, with ten to be served on probation. In its charge, the trial court instructed on malice murder,

voluntary manslaughter, and justifiable homicide based upon self-defense. Hodge submitted a written request for a charge on the offense of involuntary manslaughter based upon the principle that he was engaged in a lawful act (self-defense) but may have used excessive force and thus may have performed that lawful act in an unlawful manner. The trial court declined to give such a charge. Code § 26-1103 (b) (Ga. L. 1968, pp. 1249, 1276) provides: "A person commits involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being, without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm." The facts show pertinently that Hodge offered sufficient evidence to create an issue that he feared for his life and that he struck the deceased in the chest simultaneously with a bottle of beer held in one hand and "stuck" the deceased in the chest with a five or six-inch knife held in the other hand. A close examination of the transcript shows that appellant repeatedly claimed that he "stuck" the deceased out of fear for his own life, i.e., he asserted the affirmative defense of self-defense. A fair summary of Hodge's testimony in this regard is "Yes, I did kill the deceased, but I did so in self-defense." The sole enumeration of error is that the trial court erred in refusing to give the written request to charge on the lesser offense of involuntary manslaughter arising out of what the appellant claims was a lawful act committed in an unlawful manner. *Held:*

Appellant cites *Jackson v. State*, 234 Ga. 549, 551 (216 SE2d 834), and *Jackson v. State*, 143 Ga. App. 734 (240 SE2d 180), as authority for the proposition that a charge on involuntary manslaughter is authorized whenever there is evidence that the killing occurred in self-defense. This court has recently re-examined and announced its position toward the applicability of a charge on involuntary manslaughter where excessive use of force is involved in defending oneself from an assault with fatal potential in *Spradlin v. State,* 151 Ga. App. 585 (260 SE2d 517) and *Allen v. State,* 147 Ga. App. 701 (2) (250 SE2d 5). These cases clearly enunciate the principle that self-defense is a lawful act which can be performed in

an unlawful manner should the jury conclude that more force was utilized than necessary. Thus, rather than the use of such excessive force causing the affirmative defense to dissipate and the defender to become the aggressor, it remains intact and gives rise to a lesser included offense where an intentional killing is charged. Thus, whenever the evidence discloses that the deceased displays aggression toward the defendant, unprovoked, and there is some evidence from which the jury could have found the killing was not intentional, a requested charge on involuntary manslaughter should be given. It has long been the law of this state that if there is any evidence, however slight, whether a homicide is murder (i. e., intentional) or manslaughter (i. e., unintentional) instructions as to both should be given so that the trier of fact may decide, as a matter within its province, whether the homicide is murder or manslaughter. *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106); *Curtis v. State,* 141 Ga. App. 36, 38 (232 SE2d 382).

There can be no question that the issue of excessive force in the death here involved was raised by Hodge's testimony. Accordingly, it was error for the trial court to refuse the properly requested charge on involuntary manslaughter.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED FEBRUARY 21, 1980 —

*James W. Conger, Jr., Gilbert J. Murrah,* for appellant.

*Ben L. Bateman, District Attorney, Robert J. McDermott, Assistant District Attorney,* for appellee.