## 61163. BENFORD v. THE STATE.

SHULMAN, Presiding Judge.

Defendant was charged with murder and convicted of voluntary manslaughter. We reverse.

The deceased was mortally wounded by a gunshot allegedly fired by the defendant during an altercation between the deceased and the defendant.

All of defendant's enumerations of error pertain to the trial court's jury instructions. Defendant contends that the court's refusal to charge the law on involuntary manslaughter was error. We agree.

In the presentation of his defense, the defendant set forth evidence to support a jury charge on involuntary manslaughter. The defendant testified that while engaged in a struggle with the victim, he reached for an object with which to restrain or ward off the victim; that unbeknownst to the defendant the object he secured was a gun; and that the gun inadvertently discharged, mortally wounding the victim.

The state argues that the defendant's testimony did not support an involuntary manslaughter charge; that, if anything, defendant's testimony raised the issue of accident or misfortune. (The state argues, however, in answer to another enumeration of error, that the trial court did not err in refusing to charge the law of accident or misfortune, absent defendant's request for such charge.)

The state bases its contention that such a charge was not relevant on the assertion that if the firing of the gun was unintentional, then defendant was not engaged in a lawful act in an unlawful manner. See Code Ann. § 26-1103 (b). Thus, according to the state, since an accident or misfortune is not "unlawful," defendant's testimony which gives rise to the affirmative defense of accident would not justify a charge on involuntary manslaughter. The state's argument is unpersuasive.

Despite the fact that the defenses of accident and involuntary manslaughter (a lesser included offense of murder) may be inconsistent, since a jury, upon finding the presence of one, would be precluded from finding the other, a court may properly charge on both theories of law. See, e.g., *Hodge v. State,* 153 Ga. App. 553, 554

(265 SE2d 878); *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180); *Kerbo v. State,* 230 Ga. 241, 242 (196 SE2d 424), overruled on other grounds. We find that defendant's testimony as to the series of events resulting in the shooting death of the deceased bring the present action within the purview of *Hodge v. State.*

As in *Hodge,* the defendant Benford submitted his written request for a charge on the offense of involuntary manslaughter based upon the principle that he was engaged in a lawful act (self-defense), but may have used excessive force (by picking up an object with which to strike the deceased), and that he may have performed the legal act of self-defense in an unlawful manner. (See *Spradlin v. State,* 151 Ga. App. 585 (260 SE2d 517), enunciating the principle that self-defense is a lawful act which can be performed in an unlawful manner should the jury conclude that more force than necessary was utilized.) This court held in *Hodge* that where, as in the instant case, the "issue of excessive force in the death here involved was raised by [the defendant's] testimony . . . it was error for the trial court to refuse the properly requested charge on involuntary manslaughter." Id. p. 555. *Jenkins v. State,* 86 Ga. App. 800 (72 SE2d 541). See also *Warnack v. State,* 3 Ga. App. 590 (60 SE 288). The fact that the same testimony which gave rise to a charge on involuntary manslaughter may have raised the affirmative defense of self-defense does not preclude a charge on involuntary manslaughter. *Hodge,* supra.

*Crawford v. State,* 245 Ga. 89 (263 SE2d 131), cited by the state as controlling authority in support of the court's refusal to charge involuntary manslaughter, is inapposite to the instant case and does not justify the trial court's rejection of defendant's request to charge. In *Crawford,* the court held that where a gun is fired deliberately and death results, a court can properly refuse a request to charge on involuntary manslaughter. The court made it imminently clear, however, that the facts of that case did not raise the possibility that the gun accidentally discharged.

The *Crawford* court held that "[a] person who causes the death of another human being by the use of a gun allegedly in self-defense will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful." Id. p. 94. The court distinguished the use of guns (intentionally fired) from the use of brake sticks and knives on the ground that, since the deadly force of a gun is "known to all," it cannot be argued that the excessive force of a gun was unintentional. In the case at bar, the defendant admittedly intended to use the gun on the defendant, but only as an object in the nature of a brake stick (id. p. 94) or pine board ( *Jenkins,* supra), or any other object weapon.

The defendant asserted that he did not intentionally fire the gun; his testimony implies that the gun accidentally discharged. That distinction between the instant case and *Crawford* — the evidence of an accidental discharge of the gun in the case at bar — renders the holding of *Crawford* inapposite and inapplicable. In accordance with *Hodge,* we find that under the facts of the instant case it was error for the court to refuse defendant's request on involuntary manslaughter.

Since remaining enumerations of error are not likely to recur upon retrial, these enumerations will not be addressed.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 27, 1981 —
REHEARING DENIED MARCH 18, 1981.

*O. Hale Almand, Jr., Philip T. Raymond III,* for appellant.
*Claude N. Morris, District Attorney,* for appellee.