## 61493. STEWART v. THE STATE.

SHULMAN, Presiding Judge.

Defendant appeals his conviction of the offense of involuntary manslaughter, under Code Ann. § 26-1103 (a), complaining of the trial court's refusal, upon request, to charge on involuntary manslaughter in the commission of a lawful act in an unlawful manner. Code Ann. § 26-1103 (b). We reverse.

1. It is the state's position that at the time the gun discharged, the defendant was engaged in an act of reckless conduct, an unlawful act (see Code Ann. § 26-2910), and that there was no evidence to support a charge that defendant was engaged in a lawful act at the time the gun discharged (albeit in an unlawful manner). We must take issue with the state's contentions.

The defendant and the victim (the defendant's brother-in-law) were at the defendant's residence when the shooting incident occurred. Defendant testified that he brought the gun from his bedroom, where the gun had been kept, to show it to the victim, and that when the victim reached for the gun (presumably to examine it) it discharged, mortally wounding the victim.

Defendant does not dispute the fact that the evidence gave rise to a charge on Code Ann. § 26-1103 (a), but argues that the evidence additionally warranted a charge on Code Ann. § 26-1103 (b). We agree.

Defendant's testimony raised the inference that defendant was engaged in a lawful act, i.e., possessing a gun in his house and showing that gun to another person, when it discharged. From defendant's testimony, the inference could be drawn that the unlawful or careless manner in which he held the gun caused its unfortunate and unintended discharge. Therefore, under the facts as delineated

above, we refuse to hold that a charge of Code Ann. § 26-1103 (b) was not authorized by the evidence. See, e.g., *Teasley v. State,* 228 Ga. 107 (4) (184 SE2d 179). That being so, the jury should have been free to draw its own conclusion under proper instruction from the trial court. The failure to provide those instructions was harmful error.

2. The fact that the evidence also may have authorized a charge on accident does not preclude the giving of a charge on involuntary manslaughter. Code Ann. § 26-1103 (b). See also *Hodge v. State,* 153 Ga. App. 553, 554 (265 SE2d 878); *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180); *Benford v. State,* 158 Ga. App. 43.

3. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131), does not compel a contrary result. *Crawford* concerns the intentional firing of a gun. Its holding is therefore inapposite to the instant case. See *Benford,* supra.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED APRIL 24, 1981 —

*David R. Montgomery, James E. Hudson,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.