## 63113. BENFORD v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was indicted and tried for murder following the shooting death of Roger Parks. In a previous appearance of this case at 158 Ga. App. 43 (279 SE2d 236), this court reversed appellant's conviction of voluntary manslaughter because the trial court erroneously refused to instruct the jury on involuntary manslaughter. After remand, appellant was indicted and tried for and convicted of voluntary manslaughter. He enumerates as error the trial court's refusal, once again, to instruct the jury on involuntary manslaughter and the trial court's statement to the jury during the trial that appellant's first conviction for voluntary manslaughter in this case was reversed by this court "on a technicality."

1. At his second trial, appellant offered essentially the same testimony which this court held required a charge on involuntary manslaughter. Notwithstanding our clear mandate on the first appeal, the trial court again refused to give the requested charge. Since neither the evidence in support of the requested instruction nor the law which demanded the giving of the instruction has changed since the first appeal, we are constrained to hold that the trial court's refusal to charge was error again. The harm attendant to the trial court's error is obvious from the record: the jury specifically asked whether they could return a verdict of guilty of involuntary manslaughter and, upon the trial court's negative answer, immediately returned a verdict of guilty of voluntary manslaughter.

Since the requested charge was authorized by the evidence, ". . . the jury should have been free to draw its own conclusion upon proper instruction from the trial court. The failure to provide those instructions was harmful error." *Stewart v. State,* 158 Ga. App. 378, 379 (280 SE2d 403). Should a third trial be held, and should appellant tender on that trial the same testimony in defense, the trial court is directed to apply the law as expressed in this opinion and in the first

appearance of this case at 158 Ga. App. 43, supra.

2. During appellant's second trial, a reference by a state's witness to the first trial prompted defense counsel to request that the trial court explain to the jury "about the first trial." The trial court complied, stating that appellant had been convicted of voluntary manslaughter, but "the Court of Appeals reversed the case on a technicality and sent it back." Appellant's second enumeration concerns that statement.

Since we are reversing on another ground and since appellant's trial counsel failed to object to the language employed by the trial court in its explanation, we need not decide whether the judge's explanation would independently require reversal. We do, however, feel compelled to express disapproval of the trial court's choice of phrases. The inescapable conclusion to be drawn from the trial judge's statement was that appellant was properly convicted of the crime for which he was on trial but that the conviction was overturned for a reason not affecting the merits of the case. The facts are otherwise: the conviction was reversed because the trial judge erroneously refused to give a jury charge demanded by the evidence, the same erroneous refusal to charge which requires reversal of appellant's second conviction. We trust that a more neutral phrasing will be employed should an explanation of retrial become necessary in the future.

3. Appellant has filed in this court a motion for supersedeas bond. We are unable to find support in the record for appellant's assertion that the affirmative answer to one of the questions required to be answered in such cases (see *White v. State,* 146 Ga. App. 147 (245 SE2d 870)) is not supported by the evidence. There is no transcript of the hearing of the other bond proceeding. "In the absence of a transcript we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court." *Moore v. State,* 151 Ga. App. 413, 415 (260 SE2d 350). Until shown otherwise, we conclude that the trial court's finding that appellant would pose a danger to others or to the community is correct. The motion is denied.

*Judgment reversed and case remanded for further proceedings not inconsistent with this opinion. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 7, 1982 —
REHEARING DENIED JANUARY 27, 1982 —

*Richard Nettum,* for appellant.

*John R. Parks, District Attorney,* for appellee.