## 64910. BENFORD v. THE STATE.

DEEN, Presiding Judge.

This is the third appearance of this case. A New Year's Eve party quarrel ended in the shooting death of the victim following a quarrel on the dance floor. Benford admitted the shooting and defended on the ground that "he reached for an object with which to restrain or ward off the victim; that unbeknownst to the defendant the object he secured was a gun; and that the gun inadvertently discharged, mortally wounding the victim." *Benford v. State,* 158 Ga. App. 43 (279 SE2d 236) (1981). A request to charge involuntary manslaughter in the performance of a lawful act (self-defense) in an unlawful manner (using more force than necessary) was refused, and the jury returned a verdict of guilty of voluntary manslaughter. This court reversed, following *Hodge v. State,* 153 Ga. App. 553 (265 SE2d 878) (1980), and made it very clear that the defendant's testimony supported the charge and failure to so instruct the jury required a new trial. Upon a second trial the defendant's testimony was substantially

the same. A request to charge the lesser grade of involuntary manslaughter was again requested, again refused, and the case was again reversed by this court (*Benford v. State,* 161 Ga. App. 87 (289 SE2d 253) (1981)) "because the trial judge erroneously refused to give a charge required by the evidence."

This appeal assigns error on the denial of a subsequently filed plea of former jeopardy on constitutional grounds, it being contended that the failure to give the charge on request when demanded by the evidence, the law of the case, and the clear mandate of the Court of Appeals, amounts to such judicial and prosecutorial misconduct and overreaching as to bar another trial of this case.

1. We first consider Georgia law and note that no constitutional attack has been made on Code § 26-507 (d) (2), which provides: "A prosecution is not barred within the meaning of this section ... . (2) if subsequent proceedings resulted in the invalidation, setting aside, reversing, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." Both convictions having been set aside and new trials granted, it is clear that under state law the defendant is not entitled to a judgment granting his plea of former jeopardy. See *Patrick v. State,* 249 Ga. 708 (293 SE2d 329) (1982); *Patterson v. State,* 162 Ga. App. 455 (291 SE2d 567) (1982).

2. Federal case law, however, as it relates to a constitutional former jeopardy defense, covers a broader spectrum. It is well stated in *Studyvent v. State,* 153 Ga. App. 161 (264 SE2d 695) (1980), at least insofar as it relates to motions for mistrial, that where prosecutorial overreaching exists a defendant's mistrial request will not remove the federal constitutional barrier to retrial. That case emphasized the importance of determining whether or not there has been intentional misconduct on the part of the prosecution, and to that extent it previsioned Oregon v. Kennedy, 456 U. S. 102 (102 SC 2083, 72 LE2d 416) (1982). Kennedy holds, at least as related to mistrial requests, that a double barreled approach had been used in prior cases, one putting primary emphasis on bad faith conduct or harassment, and the other on the *intent* of the prosecutor to provoke a mistrial request. It concludes that intention rather than the mere "overreaching" or generalized bad faith conduct standard is the one to be applied since it is more susceptible of objective proof. "Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." Oregon v. Kennedy, supra, 72 LE2d 424.

As we read Kennedy and the cases there cited, the issue is

whether there has been a judicial or prosecutorial intent to harass the defendant and to deprive him of a fair decision by the jury before whom he is being tried. The involuntary manslaughter instruction was demanded on the second trial, as the defendant's testimony remained the same. The fact that the state attempted to offer additional evidence on the second trial that the defendant's explanation was inaccurate has nothing to do with this law of the case holding. Where one view of the case supports the principle of law requested to be charged it is error to fail to give it in charge although the court may think the evidence preponderates in the other direction. *Harris v. State,* 184 Ga. 382 (1) (191 SE 439) (1937). Our final question remains, however: Was the conduct *intentionally* undertaken with a view to harassing the defendant and denying him a fair trial? We observe that both counsel for the prosecution and for the defendant were different on the second trial from those taking part in the first. No other harassing tactics are complained of. The primary error lies with the court, who failed to follow the instruction of the Court of Appeals, but we cannot say that this was prompted by a conscious intent to harass the defendant or jeopardize his rights, being based as it is on the one instance only.

We therefore affirm the judgment denying the plea of former jeopardy in the firm expectation that the defendant on his third trial will receive from the state and from the judge trying the case a prompt, full and fair hearing including the giving of those instructions directed by this court on the former appearances of this case.

Should such not be the case, it would without doubt be incumbent upon the appellate court to view the circumstances in a different light.

*Judgment affirmed. Sognier, J., concurs. Pope, J., concurs specially.*

Decided November 23, 1982 —
Rehearing denied December 9, 1982 —

*Richard Nettum,* for appellant.
*John R. Parks, District Attorney,* for appellee.

Pope, Judge, concurring specially.

While I concur with the decision reached in this case, I offer the following proviso on the issue of whether or not the trial court must give a charge on involuntary manslaughter in any retrial of this case. As noted in the foregoing opinion, the evidence adduced at the two

previous trials of this case required that such a charge be given. Provided that the evidence on retrial of this case is substantially the same as has been previously adduced, then the trial court must indeed give such a charge.