## 41301. BUIE v. THE STATE.
(326 SE2d 458)

BELL, Justice.

Costella Buie was convicted of murdering Patricia Ann Stubbs by shooting her with a pistol, and was sentenced to life imprisonment. He appeals, and we affirm.[1]

1. In his fourth enumeration appellant complains that the court erroneously refused his written request to charge the jury on unlawful act-involuntary manslaughter. OCGA § 16-5-3 (a).[2] Appellant, who was married to another woman, had been going with the victim for seven to eight years, and was living with her at the time of her death. They had two children. Buie testified that on the evening of January 28-29, 1983 they argued over, among other things, her belief that he was secretly seeing his wife and was planning to leave Stubbs. Stubbs was not feeling well. She told him she would rather be dead, and attempted to take an overdose of medicine, which he prevented by grabbing her hand and taking the pills from her. Tiring of arguing, he decided to leave. As he exited their apartment he heard a "boom." He returned and found Stubbs fatally wounded by a single shot from a .38 caliber pistol which he kept in the apartment.

According to police officers who talked with Buie after the shooting, he gave a different account of events. He told one officer that "I told [Stubbs] I was going back down out on the streets awhile . . . She come up with the pistol, and I hit her arm and the pistol went off." He told another officer that "we was tussling." The probative value of Buie's prior inconsistent statements to police was buttressed by testimony from Dr. Warren Tillman of the Division of Forensic Sciences, who performed the autopsy on Stubbs. He testified that her right wrist and the right side of her torso bore antemortem abrasions; the wrist abrasions were consistent with fingernail-type markings. The victim died of a single gunshot to the chest which passed through her right breast, reentered the body below the breast, passed through

---

[1] The homicide occurred on January 29, 1983. Buie was indicted February 28, 1983. On May 12, 1983 a jury returned a verdict of guilty, and Buie was sentenced to life imprisonment. On June 1 he moved for a new trial, which was denied October 10, 1983. On May 8, 1984 Buie was granted the right to file an out-of-time appeal. Notice of appeal was filed June 8, 1984. The case was docketed in this court July 3, and oral arguments were heard September 17, 1984.

[2] Buie did not seek a charge on lawful act-unlawful manner involuntary manslaughter, OCGA § 16-5-3 (b).

several internal organs, and lodged in her back. The wound was not a pressed contact or near contact type, and had been inflicted at "a rather acute angle for [the victim's] arm to make." Dr. Tillman testified that the wound was not characteristic of a self-inflicted wound. In his opinion, "the entire scenario" suggested some form of struggle or skirmish. The court charged the jury on accident, but refused to charge on unlawful act-involuntary manslaughter.

OCGA § 16-5-3 (a) provides that "A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony." Buie concedes that his own testimony did not authorize a charge under OCGA § 16-5-3 (a). However, he argues that the state's own evidence, that is, his pretrial statements and the forensic evidence, showed that Stubbs' death could have been the accidental result of a struggle for the gun, which, he contends, was a sufficient basis for a § 16-5-3 (a) charge. We disagree. Assuming without deciding that the state's evidence supported Buie's theory that the weapon was accidentally discharged during a struggle, it did not require a charge on unlawful act-involuntary manslaughter. *Kessel v. State*, 236 Ga. 373 (1) (223 SE2d 811) (1976).

2. On April 8, 1983 Buie served the district attorney with a timely demand for a copy of the list of state's witnesses. OCGA § 17-7-110. On two occasions, one several days before trial[3] and the other at the beginning of trial, the morning of May 11, 1983, defense counsel was served with an amended list of witnesses. At the commencement of trial proceedings appellant moved for exclusion of those witnesses' testimony, or in the alternative for a continuance of at least one to two days to interview them. The prosecuting attorney opposed the motions, but offered to disclose to defense counsel the testimony the state expected to draw from the witnesses. In lieu of granting Buie's motions, the court declared a recess until that afternoon, to allow Buie's counsel the opportunity to avail himself of the prosecution's offer and interview the witnesses. In his fifth enumeration Buie argues that he was unfairly surprised. However, we find that the purpose of OCGA § 17-7-110 was satisfied, and that the court did not err in refusing to exclude the testimony or grant a continuance. *White v. State*, 253 Ga. 106 (3) (317 SE2d 196) (1984); *Cates v. State*, 245 Ga. 30 (3) (262 SE2d 796) (1980).

3. Evidence was admitted showing that in September 1981 Patricia Stubbs was hospitalized after being severely beaten by Buie. In his

---

[3] The record does not show exactly when the first supplemental list was served on appellant's counsel.

sixth enumeration Buie contends that apprising the jury of this previous violent incident deprived him of a fair trial. We disagree. The evidence of the extrinsic offense revealed Buie's bent of mind and course of conduct, and was therefore relevant to establish both the absence of accident and Buie's identity as Stubbs' killer. *Rich v. State*, 254 Ga. 11 (1) (325 SE2d 761) (1985).

4. Buie contends, in his seventh enumeration of error, that Dr. Tillman should not have been allowed to state his opinions that the gunshot wound was not characteristic of a suicide, and that Stubbs had been involved in a struggle. According to Buie, these conclusions could have been drawn by the jurors without the assistance of Tillman's testimony, and Tillman therefore improperly invaded the province of the jury. We find no error. *Prince v. State*, 252 Ga. 82 (2) (311 SE2d 433) (1984).

5. In his eighth enumeration, Buie contends that he was denied effective assistance of trial counsel. This claim apparently was not raised in the trial court, and we therefore decline to address its merits at the present time. *Williams v. State*, 254 Ga. 6 (6) (326 SE2d 444) (1985); *Elliott v. State*, 253 Ga. 417 (2b) (320 SE2d 361) (1984).

6. In his first three enumerations Buie raises the general grounds. Although the evidence of guilt in this case was not overwhelming, it was sufficient to authorize a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1985 —
REHEARING DENIED MARCH 28, 1985.

*Alice C. Stewart,* for appellant.
*Charles M. Ferguson, District Attorney, J. Robert Smith, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Newton & Smith, Massie H. McIntyre,* for appellee.

