R. *Stephen Sims*, for appellant.
*Kenneth L. Royal*, for appellee.

## 73193. WICKER v. THE STATE.
(353 SE2d 40)

CARLEY, Judge.

Appellant was brought to trial before a jury on indictments for rape and numerous other offenses. During jury deliberations, it was discovered that an attorney who had aided the prosecution in the voir dire and selection of appellant's jury was the same attorney who had previously held an interview with appellant regarding the possibility of representing him in the case. Upon this discovery, appellant's defense counsel moved for a mistrial. The State immediately agreed to a mistrial and the trial court granted the motion. Subsequently, appellant filed a plea of former jeopardy. The trial court, after conducting a hearing, denied the plea. Appellant filed the instant direct appeal from the denial of his plea of former jeopardy. See generally *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

The Supreme Court of the United States has held in *Oregon v. Kennedy*, 456 U. S. 667, 676 (102 SC 2083, 72 LE2d 416) (1982) that "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." From the testimony presented at the hearing held in connection with appellant's plea, the "governmental conduct in question" in the instant case is the following: At the call of appellant's trial, the assistant district attorney determined that, considering the factual circumstances that the case presented, she might need assistance in the selection of a jury. She approached and asked the assistance of counsel who happened to be at the courthouse waiting for another trial. Counsel agreed to do so, not recognizing appellant. At neither the time of trial nor subsequently did counsel remember any details of the interview concerning his possible representation of appellant. The interview did not result in counsel being retained to represent appellant, and, according to counsel, it was unlikely that any defense strategy had ever been discussed. Appellant apparently did not recognize counsel either. It was only after the jury had retired that appellant's mother spoke to counsel and brought the interview to his attention. Counsel then notified the as-

sistant district attorney, who, in turn apprised appellant's defense counsel. The assistant district attorney had no prior knowledge of counsel's previous contact with appellant, and counsel testified that his previous contact with appellant was "like total amnesia" to him.

Under this evidence, there was no prosecutorial misconduct intended to goad appellant into moving for a mistrial and, it follows that the trial court correctly overruled appellant's plea of double jeopardy. See generally *Fugitt v. State*, 253 Ga. 311 (319 SE2d 829) (1984); *Hampton v. State*, 179 Ga. App. 14 (345 SE2d 117) (1986); *Benford v. State*, 161 Ga. App. 87 (289 SE2d 253) (1982).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED JANUARY 27, 1987 —

*Michael R. Hauptman, Christine A. Van Dross*, for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.