## A89A0080. BRIGHT v. THE STATE.
(382 SE2d 426)

BENHAM, Judge.

Appellant was indicted for and convicted of the murder of his

wife. That conviction was affirmed by the Supreme Court in *Bright v. State*, 251 Ga. 440 (306 SE2d 293) (1983), but appellant's petition for a writ of habeas corpus was granted by the United States District Court for the Northern District of Georgia, and that judgment was affirmed by the 11th Circuit Court of Appeals. *Bright v. Williams*, 817 F2d 1562 (11th Cir. 1987). On retrial, appellant was convicted of voluntary manslaughter and brings this appeal.

The evidence showed that appellant's wife died from a gunshot wound in the back. Appellant testified that he and his wife had been fighting, that he had taken the gun from her and thrown it, and that as he tried to retrieve it while they wrestled on top of it, it went off and killed her. Appellant was arrested at the hospital to which he attempted to take his wife, having been prevented from doing so by wrecking his car on the hospital grounds.

1. In his first enumeration of error, appellant contends that the court erred in admitting into evidence statements he made in response to police interrogation. Appellant arrived at the hospital at approximately 5:00 a.m. The first interrogation occurred at 6:15 a.m. and was conducted by Detective Sisson. He testified that he explained to appellant his rights against self-incrimination; that appellant did not indicate any desire for an attorney; that appellant answered background questions; that appellant said he was transporting his wife to the hospital because she was shot; that when he was asked how she came to be shot, appellant stated that he did not wish to answer any more questions at that time; and that no further questions were asked. Appellant's complaint on appeal is that further interrogation occurred, violating his constitutional rights, and that the statements made subsequent to his statement to Detective Sisson that he did not wish to answer any more questions at that time should have been excluded from evidence.

The record shows that the further interrogations of which appellant complains occurred at 8:00 a.m. and at 10:30 a.m. The 8:00 a.m. questioning was by Officer Cook who testified that his inquiries were made with regard to the traffic mishap in which appellant was involved as he got to the hospital. According to Cook, appellant stated, after again being informed of his rights, that he was willing to discuss the accident, and did so, telling Cook that he had found his wife unconscious, dragged her to the car, and attempted to take her to the hospital, where he lost control of the car in a turn. At that point, however, appellant told Cook he did not wish to answer any more questions, and Cook discontinued the interrogation.

The last questioning occurred more than two hours later, at 10:30 a.m. On that occasion, Detective Sisson once again Mirandized appellant and asked if he would answer questions. Appellant indicated that he would, and did answer questions until they began to involve the

events surrounding his wife's death; he then indicated that he wished to terminate the interrogation. The detective testified that once appellant made that request, questioning concerning the case ceased.

We find this issue to be controlled by the same principles by which it was decided on appeal from the murder conviction. There, the Supreme Court held that the applicable authority was *Michigan v. Mosley*, 423 U. S. 96 (96 SC 321, 46 LE2d 313) (1975), where the U. S. Supreme Court "rejected the position that one who has invoked his right to remain silent under *Miranda* 'can never again be subjected to custodial interrogation by any police officer at any time or place on any subject.' [Cit.] In negating this argument the court held that 'a blanket prohibition against the taking of voluntary statements or a permanent immunity from further interrogation, regardless of the circumstances, would transform the *Miranda* safeguards into wholly irrational obstacles to legitimate police investigative activity, and deprive suspects of an opportunity to make informed and intelligent assessments of their interests.' [Cit.] Rather, the test for 'admissibility of statements obtained after the person in custody has decided to remain silent depends under *Miranda* on whether his "right to cut off questioning" was "scrupulously honored." ' [Cit.]" *Bright,* supra at 445. We note, as did the Supreme Court, that the questioning does not show an effort to wear appellant down, and that the officers allowed a significant time to elapse between questionings and provided, on each occasion, fresh warnings. It was not "unreasonable . . . to inquire whether the defendant had changed his mind during this period and wished to make a statement." Id. at 446. Applying those principles, we find no error in the admission of appellant's statements.

2. Appellant's second and third enumerations of error complain of the admission into evidence of four photographs of the victim's body. His argument is that there were enough other pictures and that these four were redundant and were introduced solely for their inflammatory effect. The record reveals, however, that a witness used these photographs to illustrate particular points in his testimony. We hold here, as the Supreme Court did in *Kettman v. State*, 257 Ga. 603 (2) (362 SE2d 342) (1987), that since the photographs were relevant to show the wounds of the victim and were not unduly repetitious, their admission into evidence was not error.

3. The physician who conducted the autopsy testified concerning his medical education, his experience as a medical examiner, and his training and experience as an emergency room physician. Contrary to appellant's argument, that testimony was sufficient to permit the trial court to exercise its discretion in qualifying the physician as an expert witness. *Evans v. State*, 176 Ga. App. 818 (3) (338 SE2d 48) (1985). In light of the witness' testimony concerning his experience with pa-

tients using cocaine and with gunshot wounds, appellant's specific complaint that the physician was not qualified to testify concerning the effect on the victim of cocaine found in her system or concerning the path of the bullet in her body is without merit. An expert's "special knowledge may be derived from experience as well as study. [Cit.]" Id. at 822.

4. In a related enumeration of error, appellant complains that the trial court expressed an opinion and commented on the evidence by charging the jury that "testimony in this case has been given by certain witnesses who in law are termed experts. . . ." It is apparent from the record that appellant's complaint is without foundation. The language to which appellant takes exception was no more than a recognition of the trial court's previous ruling that the witness was qualified to testify as an expert, and a preface to instructions regarding how the jury should consider the testimony of expert witnesses. This enumeration of error is wholly without merit.

5. Appellant's complaint that the trial court admitted evidence of a statement by appellant which had not been provided to the defense is without merit for several reasons. First, assuming without deciding that the statement was made while appellant was in custody, since appellant made no written request for the statement, the State had no duty under OCGA § 17-7-210 to provide it. *Carter v. State*, 181 Ga. App. 117 (351 SE2d 516) (1986). Second, appellant is not entitled to discover his own statements by means of a *Brady* motion. *Gilreath v. State*, 247 Ga. 814 (6) (279 SE2d 650). Finally, contrary to appellant's contention in his brief, there was no objection at trial to the admission of the testimony; the issue cannot, therefore, be raised on appeal. *Prothro v. State*, 186 Ga. App. 836 (4) (368 SE2d 793) (1988).

6. In a pre-evidentiary charge, the trial court quoted from OCGA § 16-5-1 (b): "Malice shall be implied where no considerable provocation appears. . . ." Appellant enumerates that charge as error, contending that it was impermissibly burden-shifting. That contention is controlled adversely to him by the Supreme Court's holding to the contrary in *Flynn v. State*, 255 Ga. 415 (2a) (339 SE2d 259) (1986).

7. Appellant's testimony that the gun discharged during a struggle did not require a charge on involuntary manslaughter. *Buie v. State*, 254 Ga. 167 (1) (326 SE2d 458) (1985).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MAY 24, 1989.

*Jimmy D. Berry*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assis-*

*tant District Attorney*, for appellee.