A90A1667. BANGS v. THE STATE.
(401 SE2d 599)

CARLEY, Judge.

Although appellant was indicted for murder, he was tried before a jury and found guilty of voluntary manslaughter. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The trial court's giving of a charge on mutual combat is enumerated as error.

" 'Mutual combat . . . generally involves deadly weapons and the mutual intention of using them. [Cit.]' [Cit.] A mutual combat situation arises when 'both parties are at fault and are willing to fight because of a sudden quarrel.' [Cit.] The mutual intention to fight need not be proved directly, but may be inferred by the jury from the conduct of the parties. [Cits.]" *Simmons v. State*, 172 Ga. App. 695, 696 (1) (324 SE2d 546) (1984). The evidence in the instant case showed that appellant and the victim exchanged words in a bar. According to appellant, he believed that he had offended the victim. When the victim left the bar, appellant immediately followed and approached the victim. A struggle ensued, during which appellant was cut with a knife and the victim was shot with appellant's gun. " 'It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. (Cit.)' [Cit.] The evidence necessary to justify a jury charge need only be enough to enable one to carry on a legitimate process of reasoning. [Cits.] While it is true that mutual combat and self-defense are mutually exclusive by definition, where there is evidence of both the jury, as trier of fact,

must select between the two propositions. [Cits.]" *Simmons v. State*, supra at 696 (1). "Hence, it was not error to give these charges." *Shy v. State*, 190 Ga. App. 370, 372 (5) (378 SE2d 920) (1989).

2. The trial court's refusal to give appellant's requested charge on involuntary manslaughter is enumerated as error.

At trial, appellant relied upon the theory of accidental discharge of his gun while defending himself against the victim. Contrary to appellant's contention, his testimony that the weapon was accidentally discharged during the struggle "did not require a charge on unlawful act-involuntary manslaughter. [Cit.]" *Buie v. State*, 254 Ga. 167, 168 (2) (326 SE2d 458) (1985). See also *Bright v. State*, 191 Ga. App. 655, 658 (7) (382 SE2d 426) (1989). Under the evidence, appellant either shot the victim intentionally — in which case he was either guilty of murder or voluntary manslaughter or not guilty by reason of lawful self-defense — or he shot the victim unintentionally while acting in lawful self-defense — in which case he was not guilty of any criminal homicide by reason of accident. There is *no* evidence that appellant *unintentionally* shot the victim by commission of an *unlawful act* other than a felony so as to be guilty of involuntary manslaughter under OCGA § 16-5-3 (a). "The case of *Kerbo v. State*, 230 Ga. 241 (196 SE2d 424) (1973), relied on by [appellant], . . . is inapplicable here because in *Kerbo* there was evidence that the defendant had[, without any claim of legal justification,] *intentionally* pointed the pistol at the deceased. . . ." (Emphasis supplied.) *Raines v. State*, 247 Ga. 504, 507 (fn. 4) (277 SE2d 47) (1981).

Appellant further urges that, having charged the jury on self-defense, the trial court should also have given a requested instruction on involuntary manslaughter in the performance of a lawful act in an unlawful manner, that is, self-defense with excessive force through use of a gun. This contention has been rejected by the Supreme Court. "The appellant argues that the use of excessive force in self-defense constitutes the commission of a 'lawful act in an unlawful manner,' within the meaning of [OCGA] § 16-5-3 (b), thereby authorizing the jury to have convicted the appellant of involuntary manslaughter under the foregoing statutory provision. *We disagree.*" (Emphasis supplied.) *Pullin v. State*, 257 Ga. 815, 817 (4) (364 SE2d 848) (1988). "[T]he use of [any deadly implement] negates any argument that the death occurred during the commission of a lawful act in an unlawful manner because if it is self-defense it is no crime at all, and if it is not self-defense it is reckless conduct, which is a crime rather than a lawful act. . . . [S]ince the court charged the jury as to *self-defense and accident*, the court's refusal to charge involuntary manslaughter was not error." (Emphasis supplied.) *Willis v. State*, 258 Ga. 477-478 (1) (371 SE2d 376) (1988). It follows that any decision of this court which is inconsistent with this controlling Supreme

Court authority will not be followed and is hereby overruled. A representative but non-inclusive list of such overruled cases includes the following: *Jackson v. State*, 143 Ga. App. 734, 736 (3) (240 SE2d 180) (1977); *Spradlin v. State*, 151 Ga. App. 585 (1) (260 SE2d 517) (1979); *Hodge v. State*, 153 Ga. App. 553 (265 SE2d 878) (1980); *Mullins v. State*, 157 Ga. App. 204, 205 (1) (276 SE2d 877) (1981); *Benford v. State*, 158 Ga. App. 43 (279 SE2d 236) (1981); *Neal v. State*, 160 Ga. App. 498 (4) (287 SE2d 399) (1981); *Billings v. State*, 161 Ga. App. 500, 502 (4) (288 SE2d 622) (1982).

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Banke, P. J., Birdsong, P. J., Pope, Beasley, Cooper and Andrews, JJ., concur.*

DECIDED JANUARY 31, 1991 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*David L. Roberts*, for appellant.
*Douglas C. Pullen, District Attorney, J. Gray Conger, Edward F. Berry, Assistant District Attorneys*, for appellee.