S99A1360. BROOKS v. THE STATE.
(525 SE2d 696)

THOMPSON, Justice.

Eric Brooks was convicted of felony murder and possession of a firearm during the commission of a felony in connection with the death of Dialio Wilson.[1] On appeal, Brooks challenges the sufficiency of the evidence. He also asserts his pretrial statements were inadmissible because the police did not advise him of his constitutional rights. We find no error and affirm.

1. On December 1, 1996, sixteen-year-old Eric Brooks and his sister, Christina Brooks,[2] accompanied Dialio Wilson into a wooded area to smoke cigarettes. When it began to rain, the trio entered an old semi-trailer. Christina left the trailer briefly and returned with a gun. She motioned for Eric, who was standing near Wilson, to move out of the way. Christina fired a shot at Wilson; she missed and the gun then jammed. Panic stricken, Wilson began running around in the trailer. After assuring Wilson that she was not going to hurt him, Christina handed the gun to Eric and told him to clear the chamber. A bullet fell out of the gun as Eric complied.

Eric picked up the bullet and handed the gun and the bullet to Christina. Wilson ran up to Christina and put his arms around her.

---

[1] Wilson was killed on December 1, 1996. Brooks was indicted on September 17, 1997, and charged with malice murder, felony murder, aggravated assault, and three counts of possession of a firearm during the commission of a felony. Brooks was convicted of felony murder, aggravated assault, and two firearm possession counts. The aggravated assault and one of the firearm possession counts were vacated and Brooks was sentenced to life imprisonment and a consecutive term of five years. Brooks' timely filed motion for a new trial was denied on March 12, 1999, and he filed a notice of appeal on April 16, 1999. The case was docketed in this Court on June 17, 1999, and submitted for a decision on briefs on August 9, 1999.

[2] Christina Brooks' conviction was reversed in *Brooks v. State,* 271 Ga. 698 (523 SE2d 866) (1999).

Christina shot Wilson, pushed him down and shot him several more times. Then, Christina gave the gun to Eric who also shot Wilson. Christina and Eric dragged Wilson's body to the rear of the trailer and left the scene.

Christina told Eric to clean the gun and hide it. Eric hid the gun at his aunt's house; it was never recovered. Months later, to clear his conscience, Eric admitted what he and Christina did to Wilson.

An expert witness opined that the bullets recovered from Wilson's body were shot from a .380 pistol. Christina had purchased such a weapon from a pawnshop a few months before Wilson was killed.

The evidence is sufficient to enable any rational trier of fact to find Eric guilty of felony murder and possession of a firearm during the commission of a felony beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The mere fact that Wilson may have already been dead when Eric shot him is of no consequence. See *Burks v. State*, 268 Ga. 504 (491 SE2d 368) (1997).

2. Eric's mother told the police that she believed Christina killed Wilson and that Eric knew what happened. She accompanied the police to meet with Eric.

Eric went to the police station in an automobile driven by Detective Adams. Eric's mother and another sister, Melody, drove to the police station in a separate vehicle. Eric, who was not considered to be a suspect at that time, waited at the police station with Detective Adams while another detective prepared for a videotaped interview.

Detective Adams asked Eric if he knew why he was there. Eric said that he knew "it was about Dialio Wilson" and added, "I don't know what happened to my sister Christina." When Detective Adams asked Eric what he meant, Eric responded with a blow by blow account of the crime and admitted that he cleared the gun and fired a shot at Wilson.

Thereafter, Detective Middleton conducted a videotaped interview with Eric. Because Eric's mother was taken to a hospital, Eric's sister Melody, who was in her early twenties, sat in on the interview with Eric. Detective Middleton ascertained Eric's age and educational background; he determined that Eric was not under the influence of drugs or alcohol and knew why he was being interviewed. Detective Middleton also advised Eric of his constitutional rights. Eric and Melody stated that they understood Eric's constitutional rights and they signed a waiver of rights form. Then, Eric gave a statement in which he essentially repeated what he had told Detective Adams. The interview lasted approximately one hour.

Following a *Jackson-Denno* hearing, in which Eric challenged the admissibility of his statement to Detective Middleton, the trial court determined that, considering the "totality of the circum-

stances," Eric made a knowing and intelligent waiver of his constitutional rights. See *State v. McBride*, 261 Ga. 60, 63 (401 SE2d 484) (1991) (setting forth nine factors to be considered when juvenile makes an incriminating statement); *Riley v. State*, 237 Ga. 124, 127 (226 SE2d 922) (1976) (question of knowing and intelligent waiver by juvenile depends on totality of circumstances). Because that determination was not clearly erroneous, it must be upheld. *Christopher v. State*, 269 Ga. 382, 383 (3) (497 SE2d 803) (1998).

Eric now asserts the trial court erred in denying his motion to suppress his statement to Detective Adams, as well as his statement to Detective Middleton, because Detective Adams did not advise him of his constitutional rights before he asked Eric any questions. This assertion was not raised below and will not be considered for the first time on appeal. *Thompson v. State*, 258 Ga. 816, 817 (2) (375 SE2d 219) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*Willie T. Yancey II*, for appellant.

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General*, for appellee.