A04A0400. FULLER v. THE STATE.
(593 SE2d 724)

BLACKBURN, Presiding Judge.

Following a jury trial, Rodney Fuller appeals his conviction for the voluntary manslaughter of his wife, contending that: (1) the evi-

---

dence was insufficient to support the verdict; (2) his confessions were improperly admitted into evidence; and (3) the trial court erred by failing to instruct the jury regarding involuntary manslaughter as a lesser included offense. For the reasons set forth below, we affirm.

1. Fuller contends that the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*.[1] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation omitted.) *Walker v. State*.[2]

Viewed in this light, the record shows that, on the evening of April 2, 2002, Fuller and his wife were engaged in a domestic argument in which Fuller's wife accused him of mismanaging their checkbook and continuing to use crack cocaine. As a result of this argument, Fuller retrieved a gun from the bedroom, placed it against his head, and told his wife that he was going to kill himself. When his wife simply told him to "go ahead," Fuller, by his own admission, became enraged, turned the gun on his wife, and shot her in the chest.

The following morning, Fuller told his two young children that their mother was sick, left them at home with their mother's body, and went to his job as an emergency medical technician. Later in the day, the children discovered their dead mother and fled to a neighbor's house, and the police were called. Upon questioning, Fuller admitted that he shot his wife.

This evidence was more than ample to support the verdict. See *Jackson,* supra.

2. Fuller contends that the trial court erred by admitting his confessions into evidence, arguing that, despite the fact that he was properly *Mirandized,* the confessions were the result of an illegal arrest and detention. Fuller, however, raises this argument for the first time on appeal. He neither objected on this basis to the admission of his confession during trial nor raised the issue in his motion for new trial. As such, Fuller has waived his right to pursue this line of argument on appeal. See, e.g., *Clark v. State*;[3] *Brooks v. State*.[4]

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Walker v. State*, 258 Ga. App. 333 (574 SE2d 400) (2002).
[3] *Clark v. State*, 206 Ga. App. 10, 12 (2) (424 SE2d 310) (1992).
[4] *Brooks v. State*, 271 Ga. 875, 877 (2) (525 SE2d 696) (2000).

3. Fuller contends that the trial court erred by denying his written request to charge the jury regarding involuntary manslaughter as a lesser included offense. Again, we disagree.

Although he later admitted to purposefully shooting his wife, Fuller, in his initial statement to police, stated that, after he threatened to kill himself, his wife attempted to take the gun away from him and, in the ensuing struggle, the gun accidentally discharged. Fuller now contends that, because of this original statement in which he contends that he accidentally shot his wife, the trial court was required to charge the jury on involuntary manslaughter as a lesser included offense.

> A trial court must give a requested jury instruction on a lesser offense if even the slightest evidence shows that the defendant may be guilty of a lesser included offense. However, this rule does not obviate the necessity that the evidence actually warrant the requested charge. Here, [Fuller contended] that the shooting was accidental. Thus, the jury was authorized to conclude either that [Fuller] intentionally shot [his wife], in which case [Fuller] is guilty of voluntary manslaughter, or that the gun discharged accidentally, in which case [Fuller] is guilty of no crime. Where the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense. It follows that the trial court did not err in refusing to charge the jury on the lesser included offense of involuntary manslaughter.

(Punctuation and footnotes omitted.) *Gibbs v. State*.[5] See also *Bangs v. State*;[6] *Bright v. State*.[7]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JANUARY 23, 2004.

*Jones, Osteen, Jones & Arnold, Linnie L. Darden III*, for appellant.

---

[5] *Gibbs v. State*, 257 Ga. App. 38, 39 (2) (570 SE2d 360) (2002).
[6] *Bangs v. State*, 198 Ga. App. 404, 405 (2) (401 SE2d 599) (1991).
[7] *Bright v. State*, 191 Ga. App. 655, 658 (7) (382 SE2d 426) (1989).

*J. Thomas Durden, Jr., District Attorney, Melissa L. Heifferon, Assistant District Attorney*, for appellee.