## 58819. STUDYVENT v. THE STATE.

QUILLIAN, Presiding Judge.

Wayne Studyvent appeals his conviction of possession of phencyclidine with intent to distribute. *Held:*

The defendant was tried in the Superior Court of Floyd County on July 9, 1979. During closing argument the assistant district attorney commented upon the failure of the defendant to testify, and the trial court — at the request of the defendant, granted a mistrial. The case was again called for trial on the following day and the defendant moved to dismiss on the ground of former jeopardy on the basis of "prosecutorial misconduct." He argued that the comment of the prosecutor was "tantamount to an intentional action . . . error . . . created by him, and was done in such a way that there could be no doubt that it was prejudicial error." The trial court denied the motion. We affirm.

"The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense." United States v. Dinitz, 424 U. S. 600, 606 (96 SC 1075, 47 LE2d 267). However, the double jeopardy proscription of the U. S. and Georgia Constitutions generally does not prevent reprosecution of a defendant where a mistrial occurs on the motion of, or with the consent of, the defendant. *Lyde v. State,* 241 Ga. 111 (243 SE2d 64); *Parr v. State,* 117 Ga. App. 484 (3) (160 SE2d 865); Lee v. United States, 432 U. S. 23, 32 (97 SC 2141, 53 LE2d 80). The United States Supreme Court has made it clear that even though a defendant's request for a mistrial usually removes any

constitutional barrier to reprosecution, there are recognized exceptions to that rule, i.e., "cases involving circumstances which are 'attributable to prosecutorial . . . overreaching.' " United States v. Kessler, 530 F2d 1246, 1255 (5th Cir. 1976); See also United States v. Jorn, 400 U. S. 470 (2) (a) (91 SC 547, 27 LE2d 543). "Prosecutorial overreaching" occurs and "bars retrials where 'bad-faith conduct by judge or prosecutor', [Cit.] threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant." (Emphasis supplied.) United States v. Dinitz, 424 U. S. at 611, supra; Illinois v. Somerville, 410 U. S. 458, 469 (93 SC 1066, 35 LE2d 425).

"Where 'prosecutorial overreaching' exists a defendant's mistrial request does not remove the constitutional double jeopardy barrier to a retrial. In such a case, the mere fact that the defendant requested a mistrial is not controlling." United States v. Kessler, 530 F2d 1246, 1255, supra; United States v. Martin, 561 F2d 135, 139 (8th Cir. 1977). Reprosecution is barred by the double jeopardy clause when "prosecutorial overreaching" forces a defendant to the "Hobson's choice" of giving up the substantial right that he has to the trial before the present jury, or moving for a mistrial and giving the government a second chance before another jury with any additional advantage accrued by matter learned in the first trial. United States v. Dinitz, 424 U. S. 600, 609, supra. Thus, "[t]he Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions." Id. at 611.

Accordingly, a stringent analysis of the prosecutor's conduct in the first trial must be undertaken to determine if there was "prosecutorial overreaching." "Only if the underlying error was 'motivated by bad faith or undertaken to harass or prejudice' [cit.] would there be any barrier to retrial." Lee v. United States, 432 U. S. 23, 33, supra.

The first trial was simple and straightforward. An undercover agent testified that he had been introduced to

the defendant by a confidential informant and had made a purchase of phencyclidine. He made positive identification of the defendant as the individual who sold him the illegal drug. There was no need for "prosecutorial overreaching" as the evidence was ample and uncontroverted. Under the factual predicate before us we find no intentional misconduct so that the state would have another day in court to assure a conviction. The evidence at the second trial was substantially the same as that at the first trial. The same two witnesses were called. "Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." United States v. Jorn, 400 U. S. 470, 485, supra. We found there was no prosecutorial overreaching. Even though prosecutorial error precipitated defendant's motion for a mistrial, double jeopardy is not applicable to reprosecution under this factual predicate. The alleged error is without merit.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED JANUARY 24, 1980.

*Kenneth C. Fuller,* for appellant.
*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.