## 62672. MOORE v. THE STATE.

CARLEY, Judge.

From the denial of his motion for new trial, appellant appeals his convictions for arson in the first degree, two counts of terroristic threats, D. U. I., and crossing the centerline of a roadway in violation of Code Ann. § 68A-301.

1. Appellant took the stand in his own defense and denied making the terroristic threats and denied setting the fire in question. On cross-examination, appellant was asked whether he remembered admitting such crimes to his former probation officer. In response, appellant testified that he did not remember the statements recited by the prosecutor and that any testimony by the parole officer to the contrary would be a lie. For the purpose of rebutting appellant's trial assertions, the state called as a witness appellant's former parole officer. After determining that the statements attributed to appellant had been made voluntarily, although not elicited in conformity with the procedural safeguards set forth in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), the trial court permitted the parole officer to testify. The officer proceeded to testify that appellant admitted to him setting the fire and making the threatening phone calls. The trial court, in its charge to the jury, instructed that such prior inconsistent statements could be considered solely for the purpose of impeachment and not as evidence of appellant's guilt of the offenses for which he was on trial.

On appeal, appellant asserts that, it was incumbent upon the trial court, without request, to instruct the jury, *at the time the rebuttal testimony was offered,* of the limited purpose for which it was being admitted. Under Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971), and its progeny, it was established that statements by a defendant which were procured in violation of Miranda, supra, and thus inadmissible in the prosecution's case in chief, could nevertheless be used for impeachment purposes to attack

the credibility of a defendant's trial testimony. The rationale of Harris was subsequently adopted by this court and was set forth as a rule of law in this State as follows: "If on the trial of his case the defendant takes the witness stand and swears to a state of facts contrary to his prior statements, they may be given in evidence solely for the purpose of impeachment, the burden being on the court to caution the jury that such evidence is to be considered only for the purpose of assessing the defendant's credibility and not to establish his guilt of the offense for which he is on trial; however, where the evidence is not offered solely for this purpose nor does the trial judge instruct the jury to consider it solely for purposes of impeachment, its admission is error." *Colbert v. State,* 124 Ga. App. 283 (2) (183 SE2d 476) (1971). See also *Farley v. State,* 145 Ga. App. 98 (243 SE2d 322) (1978).

In the instant case, the trial court, in its charge to the jury, adequately cautioned the jury that these prior inconsistent statements attributed to appellant were admitted only for the purpose of impeachment. While we believe it to be the better practice for the trial court to expressly explain to the jury the limited purpose for the admission of such prior inconsistent statements, *at the time such testimony is admitted,* we have found no authority which holds that the failure to so instruct at that particular time in the trial is reversible error. "Harris v. New York, [supra], is authority only that such evidence is admissible for the purpose of impeachment, *when and if* the trial court also instructs the jury as to the purpose of its admission. *Until this is done,* the admission of such evidence is reversible error." (Emphasis supplied in part.) *Colbert,* 124 Ga. App. at 285, supra. In the absence of any authority to the contrary, we hold that the cautionary instructions, not given by the trial court "until" its charge to the jury, were sufficient to comply with the requirements set forth in *Colbert,* supra. *Campbell v. State,* 231 Ga. 69, 78 (200 SE2d 690) (1973). Accordingly, this enumeration is without merit.

2. Appellant asserts that the trial court erred in denying his plea of former jeopardy. Appellant was first tried on August 11, 1980. After four witnesses had testified, one of the state's witnesses, in an answer unresponsive to the preceding question asked of her, stated that she and appellant "just got back [together] after [appellant] had got out of prison, so I hadn't really seen him for quite a while." The assistant district attorney then asked, "Well, he'd been in prison for quite a while, hadn't he?" At this point, appellant moved for and was granted a mistrial.

The case was again called for trial on the following day and appellant moved to dismiss on the basis that the mistrial was necessitated because of prosecutional misconduct. In denying the

motion, the trial court found that "... after having made a stringent analysis of the prosecutor's conduct in the first trial ... there was no prosecutional overreaching, nor [was] the underlying error of trial ... motivated by bad faith, or undertaken to harass or prejudice ..." Our independent review of the record leads us to the identical conclusion. Accordingly, even though appellant's motion for mistrial was precipitated by prosecutional error, double jeopardy is not applicable to reprosecution under the circumstances of the instant case. *Studyvent v. State,* 153 Ga. App. 161 (264 SE2d 695) (1980). This enumeration is without merit.

3. Appellant next enumerates as error the trial court's denial of his motion for a continuance. In support of this motion, appellant urged that it would be unfair to schedule the retrial during the same week in which he had been granted a mistrial because "various members of the complete jury had been exposed to the case and know the case had mistried for some reason." However, appellant made no showing that a fair and impartial trial could not be obtained, nor did he show that the new panel of prospective jurors had any knowledge of the mistrial.

Rather, the record shows that after granting the mistrial the trial judge determined that a new panel of 45 jurors, other than those who had been present at the voir dire for the first trial, could be obtained for the retrial. Furthermore, the trial court emphatically and specifically instructed the twelve jurors selected for the first trial not to discuss the case with anyone and especially not with other prospective jurors. In addition, the trial court had the twelve jurors selected for the first trial report to the jury room the next morning and kept them sequestered from the other jurors until a panel of twelve jurors was selected for the second trial.

Under the facts present in the instant case, we certainly find no abuse of the trial court's discretion in denying appellant's motion for continuance. *Burnett v. State,* 240 Ga. 681, 684 (242 SE2d 79) (1978). Thus, this enumeration is without merit.

4. It was not error to admit, as a part of the res gestae, an exclamation which was made at the time when the fire was in progress, was attributed to a person shown to have been present, and was shown to be the product of the excitement of the moment. *Durham v. State,* 129 Ga. App. 5 (4) (198 SE2d 387) (1973); *Whitley v. State,* 137 Ga. App. 68 (2) (223 SE2d 17) (1975).

5. After a thorough review of the entire record we are convinced that any rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of all charges beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Boone v. State,* 155 Ga. App. 937 (274

SE2d 49) (1980).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1982.

*William S. Cain, Jr.,* for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.