## 72036. HAMPTON v. THE STATE.
(345 SE2d 117)

BEASLEY, Judge.

Convicted for the sale of marijuana (OCGA § 16-13-30 (j)), defendant's sole enumeration of error is that the trial court erred in denying his plea in bar based on prosecutorial misconduct which defendant alleges violated his constitutional rights to due process and double jeopardy guaranteed by Art. I, Sec. I, Pars. I and XVIII of the Georgia Constitution of 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.[1]

The defendant was tried twice. During the first trial, a defense

---

[1] The defendant failed to support his state constitutional attack with any relevant state authority. Defendant's sole reference to a "Georgia rule" includes a citation of *Studyvent v. State*, 153 Ga. App. 161 (264 SE2d 695) (1980) which involves the application of federal constitutional principles and not those of our state constitution. Therefore, only the federal grounds will be considered.

witness was arrested in open court after he completed his testimony. Defendant moved for a mistrial and the trial court granted his motion. The retrial then ensued, at the beginning of which the defendant interposed his plea in bar based on former jeopardy emanating from prosecutorial misconduct. The plea was overruled and the trial proceeded, resulting in defendant's conviction.

Arguing the theory of prosecutorial overreaching, the defendant relies upon language in *Studyvent v. State*, 153 Ga. App. 161 (264 SE2d 695) (1980), and the United States Supreme Court cases which it applied, e.g., *United States v. Dinitz*, 424 U. S. 600, 611 (96 SE 1075, 47 LE2d 267) (1976); *Lee v. United States*, 432 U. S. 23, 32 (97 SC 2141, 53 LE2d 80) (1977).

Since those cases and *Studyvent* were decided, the Supreme Court ruled on *Oregon v. Kennedy*, 456 U. S. 102 (102 SC 2083, 72 LE2d 416) (1982). We recognized the changes wrought by that decision in *Benford v. State*, 164 Ga. App. 733, 734 (298 SE2d 39) (1982) and, clearly enunciating the ramifications of the new approach, pointed out: "*Kennedy* holds, at least as related to mistrial requests, that a double barreled approach had been used in prior cases, one putting primary emphasis on bad faith conduct or harassment, and the other on the *intent* of the prosecutor to provoke a mistrial request. It concludes that intention rather than the mere 'overreaching' or generalized bad faith conduct standard is the one to be applied since it is more susceptible of objective proof. 'Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause.' "

Here the individual primarily affected was the witness, not the defendant. The same witness testified on the second trial and gave similar testimony, absent references to the illegal activities which instigated his arrest. While the actions taken might amount to harassment there are insufficient grounds to warrant the conclusion that there was intention to deprive the defendant of a fair trial or subvert the provisions of the double jeopardy clause by goading the defendant into moving for a mistrial. *Fugitt v. State*, 253 Ga. 311, 315 (319 SE2d 829) (1984). Defendant's protestations to the contrary, the prosecution had already built its case against the defendant and had no reason to abort the first trial by forcing a mistrial.

Since there was no violation of the *Kennedy* standards, it was not error to deny defendant's plea in bar.

*Judgment affirmed. Dean, P. J., and Benham, J., concur.*

DECIDED MAY 5, 1986.

*Bentley C. Adams III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys*, for appellee.