### 73163. MORRIS v. THE STATE.
(350 SE2d 851)

McMURRAY, Presiding Judge.

Defendant was indicted for violating the Georgia Controlled Substances Act (selling marijuana), aggravated assault upon a peace officer and possession of a firearm after having been convicted of a felony. Defendant was tried before a jury beginning on January 13, 1986, and, upon defendant's motion, the trial judge declared a mistrial. Defendant's subsequent plea of former jeopardy was denied and this appeal followed. *Held*:

Defendant contends that the trial court erred in denying his plea of former jeopardy. "If a defendant moves for a mistrial and the motion is granted, normally he may be tried again. However, it has been held in Georgia that a defendant's retrial is barred where a mistrial is granted on the grounds of prosecutorial overreaching and such was motivated by bad faith on the part of the prosecuting attorney or with the intention to harass or prejudice the defendant. [*Studyvent v. State*, 153 Ga. App. 161, 162 (264 SE2d 695)]" Daniel, Ga. Crim. Trial Prac., (1985 ed.), § 14-33, pp. 364-365. See *Oregon v. Kennedy*, 456 U. S. 667 (102 SC 2083, 72 LE2d 416).

In the case sub judice, defendant argues that deliberate prosecutorial misconduct prompted him to move for a mistrial. An examination of the trial transcript shows that the trial court granted defendant's motion for mistrial because of an unresponsive answer of one of the prosecuting witnesses. Upon cross-examination by defense counsel, the State's witness placed the defendant's character into evidence by describing other criminal activities in which the defendant was allegedly involved. However, there is no evidence indicating that the State's attorney prompted the witness to testify in such a manner. Further, while the witness' answer was unresponsive to the specific question, his response was related to the general line of questioning posed by defense counsel. Under these circumstances, we cannot say the error was prompted by deliberate prosecutorial manipulation

which was motivated by "bad faith" and was undertaken to harass or prejudice the defendant. See *Moore v. State,* 160 Ga. App. 870 (2) (288 SE2d 585). The trial court did not err in denying defendant's plea of former jeopardy.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED NOVEMBER 19, 1986.

*Walter M. Henritze, Jr.,* for appellant.

*Robert E. Wilson, District Attorney, J. Michael McDaniel, Elisabeth MacNamara, Assistant District Attorneys,* for appellee.