## 74718. THE STATE v. WHITEHEAD.
(361 SE2d 41)

BEASLEY, Judge.

Defendant was indicted and tried for selling marijuana, OCGA § 16-13-30. The first witness for the state was an undercover narcotics agent. She recounted that while negotiating with defendant during the incident on trial, he required them to smoke it to prove they were "cool." In compliance the agents merely simulated smoking, and the witness explained how this could be done. She then described the reaction of defendant, that he said he knew the other agent was simulating smoking and was not inhaling it and that "he knew what simulation was because he had been busted previously."

Defendant moved for a mistrial on the ground that his character had been put into evidence. See OCGA § 24-2-2. The prosecutor conceded he knew the witness would testify as she did but contended the evidence was admissible to show his state of mind, motive or intent, what transpired during the criminal transaction (res gestae), and to allay or reduce the effect of the anticipated defense of entrapment. Despite authority cited to show that the statement was admissible, the trial court granted defendant's motion upon reasoning that the state knowingly elicited objectionable testimony.

Defendant then moved for acquittal based upon prosecutorial misconduct resulting in double jeopardy if he were tried again. He contended that the prosecutor intentionally placed his character in evidence and also did not notify him that evidence of a prior crime

would be introduced. The court found: "The testimony which was the basis for the grant of a mistrial was knowingly elicited by the State with foreknowledge of the content of the said testimony." It ordered defendant discharged and further prosecution barred, and the state appealed.

Although neither the state nor federal constitutional double jeopardy clauses was specifically cited, the cases upon which defendant relied were those interpreting and applying federal constitutional law. Thus, our analysis is confined to whether the federal constitutional concept of double jeopardy was violated. See *Hampton v. State*, 179 Ga. App. 14 (345 SE2d 117) (1986).

Where a defendant moves for and obtains a mistrial, double jeopardy is not normally implicated except where the motion results from prosecutorial misconduct designed to avoid an acquittal. *United States v. Tateo*, 377 U. S. 463, 468 (84 SC 1587, 12 LE2d 448) (1964); *United States v. Dinitz*, 424 U. S. 600, 611 (96 SC 1075, 47 LE2d 267) (1976). Our lodestar here is *Oregon v. Kennedy*, 456 U. S. 667, 674 (102 SC 2083, 72 LE2d 416) (1982), which reasoned that "bad faith conduct" or "harassment" are not decisive factors to prevent retrial even though they might warrant a declaration of mistrial and that "overreaching" is too broad a test.

The Court concluded that: "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Id. at 676. Thus the standard is the intent of the prosecutor in connection with the misconduct. In the words of the holding, "conduct . . . intended to provoke the defendant into moving for a mistrial" is what will bar retrial on the federal constitutional double jeopardy ground. Id. at 679. See *Benford v. State*, 164 Ga. App. 733, 734 (298 SE2d 39) (1982). Accord *Hampton v. State*, supra. Intent is a question of fact for the court to resolve. As recognized in *Fugitt v. State*, 253 Ga. 311, 315 (319 SE2d 829) (1984), the facts must warrant the conclusion that there was such an instigative intention.

The state dwells on the impropriety of the grant of defendant's motion for mistrial, arguing that its conduct was not objectionable in the first place. It cites several cases which are persuasive towards the state's view. See, e.g., *Barnes v. State*, 245 Ga. 609, 610 (2) (266 SE2d 212) (1980); *Riseden v. State*, 181 Ga. App. 453 (1) (352 SE2d 634) (1987); *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983); *Ross v. State*, 255 Ga. 1, 3 (2) (334 SE2d 300) (1985). However, whether the mistrial was properly granted is relevant here only insofar as it reveals that the state's intention or motive was not to prevent an acquittal or to provoke defendant's mistrial request.

The trial court found that the state's attorney intended to intro-

duce the evidence of defendant's bad character. This does not establish that the state intended to subvert the protections afforded by the double jeopardy clause. Defendant points out also that the state violated USCR 31.1 and 31.3 by failing to notify him that evidence of similar transactions would be introduced. Although peripherally raised, this question was not addressed below. Even if it had been established that the state intended to circumvent those rules, such would not necessarily establish an intention thereby to avoid acquittal or prompt defendant's seeking of a mistrial.

The trial court's decision was clearly not based upon the proper standard, there is no evidence of a fatal intention, and the judgment barring further prosecution on the ground of double jeopardy was error.

*Judgment reversed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED SEPTEMBER 10, 1987.

*David L. Lomenick, Jr., District Attorney, David J. Dunn, Assistant District Attorney,* for appellant.
*Albert C. Palmour, Jr.,* for appellee.