## A91A0621. THE STATE v. BECK.
(409 SE2d 57)

Carley, Judge.

In a two-count indictment, appellee was charged with the commission of acts of child molestation against two of his nieces. More than 10 days prior to trial, the State filed what was denominated as its "NOTICE OF SIMILAR TRANSACTIONS." In this notice, the State indicated its intent to offer evidence that appellee had "molested other family members including [four specified females] which incidents occurred prior to those charged in the present indictment and which occurred in Douglas County." Upon the call of the case for trial, appellee's counsel objected to the State's notice, urging that it was not in compliance with Rule 31.3 (B) of the Uniform Rules for the Superior Courts (Rules). The trial court agreed and held that the State would be barred from introducing evidence of appellee's commission of acts of molestation against any other family members.

At the ensuing trial, during the direct examination of one of the victims, counsel for the State asked if she had told two of her older sisters "what [appellee] had been doing to [her]?" When the victim responded that she had, she was then asked whether her two older sisters had seemed "surprised when [she] told them?" When the victim responded that they had, she was then asked "[w]hy were they surprised?" To this question, the victim responded: "Well, because they have — well, because [appellee] had touched them, too, and they didn't think that he would do it to his own nieces." The victim's two older sisters were among the four family members who had been listed in the State's pre-trial notice and, when the victim gave the above-quoted testimony, appellee moved for a mistrial. The trial court granted appellee's motion.

Prior to appellee's retrial on the child molestation charges, he filed a plea of double jeopardy. The trial court sustained appellee's plea and the State appeals.

"Where a defendant moves for and obtains a mistrial, double jeopardy is not normally implicated except where the motion results from *prosecutorial misconduct designed to avoid an acquittal.* [Cits.]" (Emphasis supplied.) *State v. Whitehead*, 184 Ga. App. 162,

163 (361 SE2d 41) (1987). "[A]ctions of the prosecutor constituting even intentional prosecutorial misconduct do not raise the bar of double jeopardy, . . . *unless the prosecutor's actions were intended to subvert the protections afforded by the Double Jeopardy Clause.* [Cits.]" (Emphasis supplied.) *Williams v. State,* 258 Ga. 305, 312 (1A) (369 SE2d 232) (1988). In sustaining appellee's plea of double jeopardy, the trial court found merely that counsel for the State had "intentionally introduced . . . similar crimes evidence in violation of the [trial] Court's ruling" and, based upon this finding, the trial court concluded that "such intentional conduct . . . is sufficient to bar retrial. . . ." However, intentional prosecutorial misconduct, standing alone, is *not* sufficient to bar retrial. Double jeopardy does not attach unless the prosecutorial misconduct was intended to subvert the protections afforded by the double jeopardy clause. *Williams v. State,* supra; *State v. Whitehead,* supra. "The trial court found that the [S]tate's attorney intended to introduce the evidence. . . . This does not establish that the [S]tate intended to subvert the protections afforded by the double jeopardy clause. . . . The trial court's decision was clearly not based upon the proper standard, there is no evidence of a fatal intention, and the judgment barring further prosecution on the ground of double jeopardy was error." *State v. Whitehead,* supra at 163-164.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 25, 1991 —
RECONSIDERATION DENIED JULY 17, 1991 — 

*J. David McDade, District Attorney, Lois W. Gerstenberger, Assistant Distant Attorney,* for appellant.

*Alden W. Snead, J. M. Raffauf,* for appellee.