## A96A1137. REED v. THE STATE.
### (474 SE2d 264)

BEASLEY, Chief Judge.

Reed's first trial for trafficking in cocaine (OCGA § 16-13-31) ended in a mistrial. A jury convicted him at the retrial, and he was sentenced to life imprisonment.

The evidence showed that special drug agent Malcom received an anonymous call advising him that Reed was at a certain location, wearing described clothing and in possession of a large quantity of crack cocaine. Malcom relayed this information to police officer Miller, who investigated.

When Miller arrived at the location, he saw Reed and another person exit a convenience store. As Reed passed a dumpster beside the store, Miller saw him discard a wad of plastic or cellophane. When Miller approached Reed and his companion and motioned for them to come to him, they fled. Miller and another officer chased and arrested them. Miller found a large sum of money in Reed's pocket and 29 grams of cocaine of a purity of 83 percent in many small yellow ziplock bags inside the discarded clear plastic bag.

1. Reed enumerates his retrial as error, invoking the former jeopardy provisions of Georgia law.

Prior to Reed's first trial, he moved in limine to prohibit or limit testimony regarding the anonymous call to the police. At trial, the

prosecutor represented to the court that Malcom had been told by the caller that Reed was engaged in the *sale* of crack cocaine. Malcom then informed the court that he had been told only that Reed was in *possession* of the cocaine. The court ruled that the information provided by the anonymous caller to the police was admissible to explain their conduct but not to establish the truth of the matters asserted by the caller. The court warned the prosecutor that a mistrial would be granted if he misrepresented what the caller had said, and the prosecutor was advised by the court to take a "minimal approach and be quite clear when you're explaining to the jury that it is only to explain conduct at the time."

During the prosecutor's opening statement, he described what Lt. Miller found in the plastic bag "just as the caller had told what the evidence was expected to show regarding that call, Lt. Malcom. . . ." Reed moved for a mistrial, arguing that this was an assertion of proof for the truth of the caller's message. After some discussion of the parameters of allowable recitation of what the evidence was expected to show regarding that call, the court denied the motion but admonished the prosecutor and gave curative instructions to the jury, explaining that the opening statements are not evidence and also that what the anonymous caller said could be considered only to explain the officer's conduct and not for the truth of the message.

While being questioned by the prosecutor, Miller later testified that Malcom had told him the anonymous caller had said Reed was *selling* drugs. Reed again moved for a mistrial, which the court initially granted. Based in part on the strength of the evidence against Reed, the court reconsidered and proceeded with the trial but later granted a mistrial when the prosecutor, in examining a defense witness, referred to a statement made by Reed while in police custody which had not been provided to the defense as required by former OCGA § 17-7-210.

Reed subsequently filed a "motion to bar retrial based on double jeopardy." The court denied it upon finding that the prosecuting attorney's actions were negligent rather than intentional and were not intended to provoke the defendant into moving for a mistrial.

"[T]he double jeopardy proscription of the U. S. and Georgia Constitutions generally does not prevent reprosecution of a defendant where a mistrial occurs on the motion of, or with the consent of, the defendant. [Cits.]" *Studyvent v. State*, 153 Ga. App. 161 (264 SE2d 695) (1980). The double jeopardy clause of the Georgia Constitution contains an express exception "in case of mistrial." Art. I, Sec. I, Par. XVIII, Ga. Const. of 1983. The double jeopardy clause of the Fifth Amendment has been interpreted by the United States Supreme Court as incorporating such an exception. See *Studyvent* and cits.

In *Studyvent*, this Court, in reliance upon then-extant United

States Supreme Court decisions, held that a defendant's retrial is barred when mistrial is granted on the grounds of prosecutorial overreaching and such was motivated by the prosecutor's bad faith or with intent to harass or prejudice the defendant. See *Morris v. State*, 180 Ga. App. 896 (350 SE2d 851) (1986).

However, in *Oregon v. Kennedy*, 456 U. S. 667, 676 (102 SC 2083, 72 LE2d 416) (1982), "[t]he Court concluded that: 'Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.'" *State v. Whitehead*, 184 Ga. App. 162, 163 (361 SE2d 41) (1987). In *Kennedy*, the Court "reasoned that 'bad faith conduct' or 'harassment' are not decisive factors to prevent retrial even though they might warrant a declaration of mistrial and that 'overreaching' is too broad a test." *Whitehead*, supra.

In *Williams v. State*, 258 Ga. 305, 310 (1) (369 SE2d 232) (1988), the Georgia Supreme Court adopted the decision in *Kennedy* as establishing the applicable double jeopardy standard "under both state and federal criminal law." *Williams*, 258 Ga. at 311; see also *Beck v. State*, 261 Ga. 826 (412 SE2d 530) (1992). We are not at liberty to construe our law more liberally. Art. VI, Sec. VI, Par. VI, Ga. Const. of 1983. *Morris* is disapproved to the extent that it holds otherwise. The applicable standard is the intent of the prosecutor in the misconduct, and such intent is a fact question for the court to resolve. *Whitehead*, supra. Since the evidence supports the trial court's finding that the prosecutor did not intend to goad Reed into moving for mistrial, denial of the motion to bar retrial was not legal error.

2. Reed enumerates as error the allowance of hearsay testimony regarding the content of the anonymous call.

At the beginning of retrial, Reed renewed his motion in limine regarding the anonymous call. The court denied it but agreed to instruct the jury to consider such evidence only as explaining police conduct and not for the truth of the matters asserted. The admission of the evidence, with this caveat, did not constitute error.

"'Under OCGA § 24-3-2, conversations had in the course of a legal investigation may be admitted as original evidence to explain the conduct of a law enforcement official provided the conduct involves a matter relevant to the issue on trial. (Cit.)' [Cits.] . . . [T]he facts and circumstances surrounding a defendant's arrest are relevant and admissible. . . . [Cits.] While the statement of the out-of-court declarant would not have been admissible as evidence of [defendant's] guilt of the offense charged, it was nevertheless relevant and admissible to establish the events leading to [his] arrest. . . . [Cit.]" *Thompson v. State*, 210 Ga. App. 655, 657 (2) (436 SE2d 799) (1993).

3. The next enumeration of error is the court's permitting a State's witness to comment on the invocation of his right to remain silent.

Malcom testified, in response to State examination, that Reed initially refused to make any statement but then said the money found on him at the time of his arrest had been given to him by a named individual. Reed moved for a mistrial, contending the witness had made an impermissible comment on his refusal to make a statement to the police. The prosecutor argued that the defendant had not been prejudiced because the refusal had been shown by his own testimony. Shortly thereafter, Reed withdrew his objection and thus failed to preserve this enumeration for appeal. *Wilburn v. State*, 199 Ga. App. 667, 668 (2) (405 SE2d 889) (1991).

4. Reed cites the court's rejection of his requests to charge the jury on abandonment of a controlled substance (OCGA § 16-13-3) and possession of cocaine (OCGA § 16-13-30) as lesser included offenses of trafficking in cocaine.

As in *Parham v. State*, 218 Ga. App. 42, 44 (3) (460 SE2d 78) (1995), " 'the evidence shows either the commission of the completed offense as charged, or the commission of no offense, [so] the trial court is not required to charge the jury on a lesser included offense. [Cits.]' [Cits.]"

5. Reed complains of the court's disallowance of his argument that he may have possessed less than 28 grams of cocaine. During closing argument, defense counsel urged that the jury might consider as a reasonable hypothesis that at least one-half of the cocaine belonged to Reed's companion, in which case Reed did not possess 28 grams. The court did not err, because there was no evidence that Reed had been in possession of only part of the cocaine with his companion in possession of the remainder.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 30, 1996.

*J. Ellis Millsaps*, for appellant.

*Alan A. Cook, District Attorney, William K. Wynne, Jr., Assistant District Attorney*, for appellee.