## A97A2291. WARD v. THE STATE.
### (497 SE2d 65)

MCMURRAY, Presiding Judge.

Defendant filed this appeal after the trial court denied his plea in bar seeking dismissal of uniform traffic citations charging him with driving under the influence of alcohol, speeding, weaving in a roadway laned for traffic and obstruction of a law enforcement officer. We affirm because the trial court's order finding that the State did not intentionally force defendant to move for a mistrial is supported by evidence.

Before a jury trial on April 17, 1996, the trial court granted defendant's pre-trial motion to exclude any evidence regarding "implied consent warnings" or defendant's refusal to submit to a State-administered breath test. The trial court granted defendant's motion for mistrial after the arresting officer violated this order on four occasions while testifying during trial. The first violation occurred when the officer responded to the State's question, "Did you then place Mr. Ward under arrest?" The officer testified: "After the field sobriety tests, no, I didn't. I read the implied consent warning." The second violation occurred when the officer related what he did with defendant after arrest. In answering the State's attorney's question, "what happened" when they took him to jail, the officer explained that he took defendant to the pre-trial center "for chemical testing." The third violation occurred when the officer was describing defendant's behavior at the jail — testimony relevant to the charge against defendant for obstruction of a law enforcement officer. In this regard, the officer testified that defendant was taken to the room where a suspect's blood-alcohol concentration is tested. The final violation occurred when the officer testified that defendant "refused to be tested. He refused the test." Although this response is in direct violation of the trial court's order, it was not responsive to the State's attorney's question — which relates to the manner in which defendant interfered with the officer's performance of his official duties. *Held*:

Defendant contends the trial court erred in finding that the State did not force him to move for a mistrial, arguing that the

State's attorney was so motivated because he was not fully prepared for trial and because the trial court had denied the State's pre-trial motion for a continuance.

"The general rule is that where a mistrial is granted at the behest of the defendant, a retrial is not barred by principles of double jeopardy unless ' "the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial." ' *Fugitt v. State*, 253 Ga. 311, 315-316 (319 SE2d 829) (1984) (quoting from *Oregon v. Kennedy*, 456 U. S. 667, 675-676 (102 SC 2083, 72 LE2d 416) (1982))." *Mobley v. State*, 262 Ga. 808 (1), 809 (426 SE2d 150). The question of whether the State intended to "goad" a defendant into requesting a mistrial "is a fact question for the [trial] court to resolve. [*State v. Whitehead*, 184 Ga. App. 162, 163 (361 SE2d 41)]." *Reed v. State*, 222 Ga. App. 376 (1), 378 (474 SE2d 264). In the case sub judice, the trial court found that the State's conduct was not intended to induce defendant to move for a mistrial. A review of the State's attorney's questions to the arresting officer and the arresting officer's responses during trial support the trial court's finding.

The trial court did not err in denying defendant's plea in bar.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED FEBRUARY 13, 1998.

*Lawson & Thornton, Charles S. Thornton*, for appellant.

*June D. Green, Solicitor, Steven E. Rosenberg, Assistant Solicitor*, for appellee.