A97A2343. MOSLEY v. THE STATE.
(497 SE2d 608)

ANDREWS, Chief Judge.

James D. Mosley appeals from the trial court's denial of his plea of former jeopardy following the grant of his motion for mistrial in his trial for numerous sexual offenses.

After the trial court had ruled that pre-*Miranda* statements of Mosley to investigators were inadmissible, but post-*Miranda* statements were admissible, defense counsel and the prosecutor jointly

engaged in the preparation of an agreed upon version of Mosley's post-*Miranda* statements. In so doing, they went through five drafts, two typewritten and the remainder handwritten.

During the testimony of Investigator Weldon, the prosecutor handed him what the prosecutor believed was the correct version. It was, instead, the prohibited version. The prosecutor handed it to the investigator without first showing it to defense counsel, as he had been instructed to do with exhibits to be admitted into evidence. As the officer began to testify to the prohibited material, the prosecutor stated "Let me stop you for a second, investigator." Mosely immediately made his motion for mistrial, which the court granted, over the prosecutor's objection. After the grant of the mistrial, the prosecutor stated to the defense attorney that he "never really felt that he had this jury."

The prosecutor stated he did not show the statement which he handed to the investigator to defense counsel because it was never his intention to introduce the document into evidence, only the investigator's recitation of the statement. At defense counsel's request, the prosecutor provided the court with his copy of the agreed upon statement, knowing he could get another copy from his folder containing the copies of the final version, as well as copies of all the previous versions, of the statement. As he stated, "I then reached into my file that's listed as defendant's statement and simply just grabbed the first thing that I saw. The two typed written statements, both the revised as well as the corrected copy. They look exactly alike on their face. . . . I did not know that I was handing him an incorrect version. . . ." When he realized the mistake, he stopped the witness.

1. While double jeopardy prohibits retrial of a criminal defendant when the prosecution has failed to produce sufficient evidence in the first trial, it does not generally bar retrial after a mistrial or reversal on appeal. *Dinning v. State*, 267 Ga. 879, 880 (485 SE2d 464) (1997). "However, when a criminal defendant is granted a mistrial or his or her convictions are reversed because the prosecution engages in intentional misconduct purposefully designed to secure an opportunity to retry the case, a retrial will not be permitted. See *Oregon v. Kennedy*, [456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982)]; [cits.]. . . . What is critical is the objective of the prosecutor's improper conduct. Unless a prosecutor is trying to abort the trial, his or her misconduct will not prohibit a retrial. [Cits.]" Id.

In the context of a granted motion for mistrial, the inquiry concerning the prosecutor's motive is whether he "intended to goad or provoke the defendant into moving for a mistrial." *State v. D'Auria*, 229 Ga. App. 34, 36 (492 SE2d 918) (1997). Improper intent to achieve a conviction or a "blunder" by the prosecutor is of no avail, the only relevant intent being the intent to terminate the trial. *Williams v.*

*State*, 268 Ga. 488, 490 (491 SE2d 377) (1997).

We concur with the trial court in finding that the only conduct shown here was at most a gross mistake by the prosecutor. *Mobley v. State*, 262 Ga. 808, 809 (426 SE2d 150) (1993). We are not persuaded by Mosley's speculation about the excused jury's leanings toward the defense nor do we find the prosecutor's statement that he did not feel he had the jury conclusive of intent to provoke a mistrial. Id.

2. Mosley also objects to the trial court's failure to allow a jury to resolve factual disputes concerning these issues. The issue of the prosecutor's intent in this situation is a question of fact for the court. *Reed v. State*, 222 Ga. App. 376, 378 (1) (474 SE2d 264) (1996); *State v. Whitehead*, 184 Ga. App. 162 (361 SE2d 41) (1987).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 4, 1998.

*Mark R. Pollard*, for appellant.
*Paul L. Howard, Jr., District Attorney, Gina Marshall, Assistant District Attorney*, for appellee.