## A06A2274. WRIGHT v. THE STATE.
### (643 SE2d 538)

MILLER, Judge.

Cornelius Wright appeals from the trial court's denial of his plea of double jeopardy, asserting as error both the trial court's refusal to allow Wright to call the prosecutor as a witness at the hearing on this matter and the denial of the requested relief. We find that the trial court erred in refusing to allow Wright to call the prosecutor as a witness at the hearing on this issue and, based upon this procedural error, we reverse.

Georgia law provides that an individual may not be retried "for the same crime based upon the same material facts" if the initial trial "[w]as terminated improperly after the jury was impaneled and sworn." OCGA § 16-1-8 (a). Termination of a trial is not improper under the statute where "[t]he accused consents to the termination or waives by motion to dismiss or other affirmative action his right to object to the termination." OCGA § 16-1-8 (e) (1). An exception to this rule exists, however, and double jeopardy will bar a retrial where the defendant can establish "that the State intended to 'goad' the defendant into moving for a mistrial to avoid a reversal or to obtain a more favorable chance of a guilty verdict on a retrial." *Weems v. State*, 269 Ga. 577, 580 (4) (501 SE2d 806) (1998).

On appeal, the intent of the prosecutor represents a question of fact, and we will affirm the trial court's findings on this issue if there is any evidence to support them. *Steward v. State*, 251 Ga. App. 657, 658 (555 SE2d 33) (2001). The question of whether Wright should have been permitted to question the prosecutor at the hearing on this matter, however, represents a question of law, which we review under the "plain legal error" standard. *Stephens v. Hypes*, 271 Ga. App. 863, 865 (610 SE2d 631) (2005).

Here, Wright and a co-defendant were charged with a single count of trafficking in cocaine. The evidence shows that Wright's arrest and indictment resulted from an undercover sting operation by the Richmond County Sheriff's Department. At trial, the State's confidential informant testified that law enforcement had implicated him in six different drug-related transactions during 2003 and 2004.

He was never prosecuted for these offenses, nor was his probation revoked, because he assisted police in their drug investigations and provided them with the names of other drug dealers.

The prosecutor subsequently elicited testimony from the arresting officer that the opportunity to cooperate with police was offered to almost any individual arrested by the Narcotics Division, because law enforcement was interested in prosecuting individuals who were "higher up" in drug distribution organizations than the ordinary street dealer. The prosecutor then asked the officer whether Wright and his co-defendant were afforded such an opportunity to cooperate. The officer responded affirmatively, explaining:

> [I]n observing the cocaine I was able to determine that [it] possibly came off a larger piece of cocaine, which we were interested in. Spoke with Mr. Cornelius Wright about it, . . . and I asked him if he would like to provide information in reference to the person who he got the drugs from. He stated no.

Wright's attorney then moved for a mistrial, which the trial court granted.

Wright subsequently filed a plea of double jeopardy, asserting that the prosecutor had deliberately goaded defense counsel into moving for a mistrial by inquiring as to whether Wright specifically had been offered the opportunity to cooperate. At the hearing on his motion, Wright attempted to call the prosecutor as a witness. The trial court refused to permit the examination of the prosecutor, and instead took judicial notice of the prosecutor's experience and assumed that she had met with witnesses to prepare their trial testimony. The court also questioned the prosecutor and allowed her to explain her intent in asking the question.

In denying the motion, the trial court found that the complained-of question "was [merely] an attempt to show that the practice of affording individuals arrested on drug charges a chance to 'work off the charges' is common." Thus, the court concluded that the question itself was "not offensive"; rather, it was the officer's answer, which exceeded the scope of the question, that necessitated the mistrial.

1. Wright asserts that the trial court erred in refusing to allow him to call the prosecutor as a witness at the hearing on his plea of double jeopardy. We agree.

The trial court's ruling in this regard was apparently based upon its belief that the decision on a plea in bar must be based upon the record at trial. While it is true that a trial court's findings regarding prosecutorial intent must be supported by the record (see, e.g., *Haralson v. State*, 227 Ga. App. 118, 120 (1) (488 SE2d 497) (1997)),

the record includes testimony offered at the plea in bar hearing. See, e.g., *Oregon v. Kennedy*, 456 U. S. 667, 670-671 (I) (102 SC 2083, 73 LE2d 416) (1982); *Byrd v. State*, 277 Ga. App. 397, 399-400 (626 SE2d 598) (2006). See also *Blackwell v. State*, 232 Ga. App. 884, 885 (502 SE2d 774) (1998) (affirming the denial of a plea in bar based on a defendant's failure to call the prosecutor as a witness). The trial court's refusal to permit Wright to cross-examine the prosecutor at the motion hearing, therefore, constitutes legal error.

An attorney's statements in place are considered evidence, *Ga. Bldg. Svcs. v. Perry*, 193 Ga. App. 288, 300 (6) (387 SE2d 898) (1989), and, by relying on them in denying Wright's plea in bar, the trial court treated the prosecutor's statements as such. Neither the prosecutor's answers to the questions put to her by the trial court nor her voluntary statements explaining her conduct, however, were subject to cross-examination, and the trial court's refusal to allow Wright such cross-examination denied him the right to confront witnesses against him. In denying him that right, the trial court denied Wright the opportunity to prove the prosecutor's intent. That intent, however, was determinative of whether Wright was entitled to a plea in bar. *Weems*, supra, 269 Ga. at 580. We are therefore unable to conclude that the trial court's error was harmless.

2. Wright further contends that the objectionable question, standing alone, entitled him to a plea in bar and that the trial court erred in denying him the same. We disagree.

Here, while the question presented a risk that Wright's right against self-incrimination would be jeopardized, we are unwilling to hold that such a question could never result from a prosecutor's negligence. It is not "impossible to believe" that a prosecutor intending to ask whether "generic" persons, other than the named defendant, were usually offered the opportunity to cooperate in exchange for leniency could inadvertently mention the defendant by name. *Wilson v. State*, 233 Ga. App. 327 (503 SE2d 924) (1998). A true blunder will not bar a retrial (*Mosley v. State*, 230 Ga. App. 890, 891 (1) (497 SE2d 608) (1998)) and the trial court is in the best position to determine whether such a mistake was, in fact, a mistake. *Steward*, supra, 251 Ga. App. at 658. Consequently, we find no error in the trial court's determination that the objectionable question, standing alone, was insufficient to prove the prosecutor's intent to provoke a mistrial.

Based on the foregoing, we reverse the trial court's order denying Wright's plea of double jeopardy and remand this case for a new hearing thereon, at which Wright shall be afforded the opportunity to cross-examine the prosecutor, and for any further action, as appropriate.

*Judgment reversed and case remanded with direction. Johnson, P. J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED MARCH 13, 2007.

*Jean M. Colohan, Jack E. Boone, Jr.,* for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Charles R. Sheppard, Assistant District Attorneys,* for appellee.