### 71912. WEBB v. THE STATE.
(344 SE2d 660)

DEEN, Presiding Judge.

In *Webb v. State*, 254 Ga. 130 (327 SE2d 224) (1985), the Supreme Court granted Roy Webb an out-of-time appeal from his conviction of aggravated assault. In both the court below and in this court, Webb contends that he was denied effective assistance of counsel claiming he was convicted because counsel did not prepare for the

trial of his case and because he was inadequately represented during trial. *Held*:

Webb's indictment arose out of an altercation which occurred on the grounds of the Georgia State Prison on December 1, 1980, during which Webb stabbed another inmate, one Albert Heard, several times with a sharp instrument. The state alleged that Webb initiated the incident, but Webb claimed that he was attacked by Heard with the instrument, that he wrestled it from Heard's grasp, that Heard began to choke him, and that he stabbed Heard in self-defense.

Counsel on appeal contends that Webb was denied effective assistance of counsel because his court-appointed attorney chose to rely solely upon a convicted felon's testimony in Webb's defense when he should have called as witnesses the two guards who were located at the two metal detection points who would have testified that when Webb passed through these points he had no weapon. Counsel also claims his attorney should have introduced Heard's medical records to rebut the state's conflicting evidence as to the location and angle of the entry of the wounds, and called the prison psychiatrist to testify as to the defendant's emotional state and emotional problems for the purpose of explaining the multiple wounds. Counsel argues that such evidence was necessary because of the community prejudice against prison inmates in the county where the defendant was tried.

An examination of the record and transcript shows that almost two weeks prior to trial counsel filed a request for written or oral statements and scientific reports and a *Brady* motion. At trial, he made an opening statement, cross-examined the state's witnesses and presented two defense witnesses: an eyewitness to the incident who testified in the defendant's favor; and the defendant. He also made a closing argument.

The standard for reviewing a contention of ineffectiveness of counsel is set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 764) (1984): (1) the defendant must show that counsel's performance was deficient, (2) the defendant must show that the deficient performance prejudiced the defense. The defendant bears the burden to make both showings and a reviewing court could find lack of sufficient prejudice without deciding whether counsel's performance was deficient. See also *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985). In the case at bar, while another attorney might have conducted Webb's defense in a different manner by exercising different judgments with respect to the witnesses called and evidence introduced, and generally conducting a totally different defense based upon the defense of self-defense, we do not find that such tactical decisions amount to a denial of effective assistance of counsel. Appellant has therefore failed to show that counsel was deficient.

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs*

*specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment but for the reason that there is nothing for us to review presented by the sole enumeration of error. The claim of ineffective assistance of trial counsel was not raised below. The appellate courts of this state are courts of review, and there is no ruling by the trial court on this matter. Consequently, I would affirm without addressing the merits. *Buie v. State*, 254 Ga. 167, 169 (5) (326 SE2d 458) (1985); *Elliott v. State*, 253 Ga. 417, 420 (2b) (320 SE2d 361) (1984).

DECIDED MARCH 19, 1986 —
REHEARING DENIED APRIL 10, 1986 —

*Joel E. Williams, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.