## 72560. OLDHAM v. THE STATE.
(347 SE2d 698)

DEEN, Presiding Judge.

Robert Daniel "Danny" Oldham was convicted of four counts of forgery in the first degree and appeals contending that the trial court erred in denying his motion for a new trial because he was denied effective assistance of counsel at trial. *Held*:

Appellant was a drywall contractor who did business as C & D Contractors. His company was employed by Suburban Development Investments, Inc., to do drywall construction on a condominium project, and Oldham entered into an agreement whereby Southern Development would issue a joint check to C & D Contractors and Commercial Supply Company, appellant's building materials supplier. This arrangement was necessitated by appellant's credit status with Commercial Supply in order to insure payment for materials supplied for the project. Appellant received four checks jointly payable to C & D Contractors and Commercial Supply and signed a subcontractor's affidavit that all materials had been paid for when he received each check. He cashed all four checks by forging the name of David Cowart, the president of Commercial Supply, and did not give that company their share of the proceeds. The evidence showed that Oldham did not have authority to sign Cowart's name on behalf of Commercial Supply. During cross-examination, appellant admitted forging Cowart's name on all four checks, but denied that he intended to defraud the company.

On appeal, he argues that he was denied effective assistance of counsel as guaranteed by Art. I, Sec. I, Par. XIV of the Ga. Constitution and the Sixth Amendment of the U. S. Constitution. He claims that counsel failed to make certain timely objections, tendered certain evidence such as the check agreement into evidence, elicited certain testimony from witnesses on cross-examination, and called him to the stand as his only defense witness.

*Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), sets forth two independent tests which appellant must meet to show ineffective assistance of counsel: (1) deficient performance of counsel, and (2) resulting prejudice to the accused. The reviewing court can find lack of resulting prejudice without deciding whether counsel's performance is deficient. *Webb v. State*, 178 Ga. App. 725 (344 SE2d 660) (1986).

As stated in *Webb v. State*, supra, the fact that another attorney might have conducted Oldham's defense differently is not a basis for reversal. See *Pitts v. Glass*, 231 Ga. 638, 640 (203 SE2d 515) (1974). In the instant case, because the weight of the evidence against Oldham was so strong, we cannot say that there was a reasonable possibility that he would have been acquitted had his case been tried dif-

ferently. An examination of the transcript shows that counsel was thoroughly familiar with the facts in the case, that he extensively cross-examined the witnesses, and pointed out certain inconsistencies in the evidence. His obvious trial strategy was to convince the jury that the case involved only a civil matter. In order to do this he had to forego making certain objections, admit certain evidence on his client's behalf, and permit his client to testify so the jury would not think he had anything to hide. The fact that this strategy did not result in acquittal does not indicate that counsel was deficient or that prejudicial harm to the accused resulted.

*Judgment affirmed. Benham and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with the opinion but I understand it to deal only with the federal constitutional claim. It applies the tests regarding ineffective assistance of counsel enunciated by the U. S. Supreme Court to determine whether counsel measured up to the Sixth Amendment's mandate. *Webb v. State*, 178 Ga. App. 725 (344 SE2d 660) (1986), referenced by the majority, also treated only a federal constitutional claim. *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974), does not easily reveal its basis, but in any event the U. S. Supreme Court has adopted the same standard set out there, for application of the Sixth Amendment. *Pitts* ruled that effectiveness of counsel was to be measured "upon the reasonable effectiveness of counsel at the time the services were rendered." Id. at 639. Later, *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) ruled that "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 687-688. This is the standard for measuring whether counsel's representation is "deficient," the first prong of the Sixth Amendment test.

On appeal, Oldham raises and argues separate claims under the federal and state constitutions. Below, he did not make a distinction and in fact cited no authority, much less either constitution, as the basis for the claim which he presented in an amendment to his motion for new trial. The trial court simply denied the motion without further elaboration. Thus the record was not perfected and we do not know whether both constitutions were invoked as grounds or whether only one was. Since this is a court of review, ordinarily "grounds which may be considered on appeal are limited to those which were urged below, and this court will not consider questions raised for the first time on appeal." *Hawkins v. State*, 175 Ga. App. 606, fn. 1 (333

SE2d 870) (1985). It has been plainly put many times: " 'Grounds which may be considered on appeal are limited to those which were urged before the trial court. (Cit.)' *Kingston v. State*, 127 Ga. App. 660, 661 (194 SE2d 675)." *Stephens v. State*, 164 Ga. App. 398, 399 (3) (297 SE2d 90) (1982). They cannot be enlarged on appeal. *Kent v. Henson*, 174 Ga. App. 400, 403 (330 SE2d 126) (1985). Thus it is not only *issues* which must be raised and preserved, but also the particular *grounds* a party might want to pursue before an appellate court; these bases for the position taken on the issue must also first be tested before the trial court.

Apparently, the majority assumed that the federal ground was raised in, and ruled on by, the trial court. That is a fair assessment, given the practice of attorneys and courts in recent years.

Thus we do not reach the state constitutional issue. In this regard see *Davenport v. State*, 172 Ga. App. 848, 850 (2) (325 SE2d 173) (1984). Whether the federal test fashioned for the Sixth Amendment has been adopted by the Georgia Supreme Court for the application of the state constitutional right under Ga. Const. Art. I, Sec. I, Par. XIV has not been made plain. See *Brogdon v. State*, 255 Ga. 64, 67 (3) (335 SE2d 383) (1985). As to plain statements, see *Michigan v. Long*, 463 U. S. 1032 (103 SC 3469, 77 LE2d 1201) (1983).[1]

DECIDED JULY 10, 1986

*John L. Conley*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.

---

[1] The Sixth Amendment guarantees "the Assistance of Counsel for his defence." The Georgia Constitution guarantees "the privilege and benefit of counsel."