A94A1864. LOVE v. THE STATE.
(447 SE2d 698)

McMURRAY, Presiding Judge.

Defendant Love appeals his conviction of a violation of the Georgia Controlled Substances Act, possession of cocaine with intent to distribute. *Held*:

1. Defendant maintains that he was denied effective assistance of trial counsel when trial counsel waived all errors in the trial court's charge to the jury. However, a "failure to reserve exceptions to the court's charge is not prejudicial where that charge is adequate and complete. See *Concepcion v. State*, 205 Ga. App. 138 (421 SE2d 554) (1992)." *Davis v. State*, 209 Ga. App. 755, 758 (1) (434 SE2d 752). In order to show prejudice, defendant has argued that three portions of the trial court's instructions to the jury were incorrect.

First, defendant contends that the trial court erred in charging that "moral and reasonable certainty is all that can be expected in a legal investigation." We find no error. While it has been held that the better practice is to omit this phrase from the jury charge, it has not been held to be reversible error when considered in the context of a correct charge on reasonable doubt. As the trial court has given a full and accurate charge on reasonable doubt, there is no error in the case sub judice. *Marion v. State*, 263 Ga. 358, 359 (2) (434 SE2d 463); *Hicks v. State*, 262 Ga. 756, 757 (3) (425 SE2d 877).

Defendant also argues that it was error to charge the jury on impeachment when defendant was the only witness who could possibly be considered to have been impeached. We find no support for this proposition in the only case cited in support thereof by defendant,

*Faust v. State*, 222 Ga. 27, 28 (148 SE2d 430), or elsewhere. While a criminal defendant is not subject to impeachment by proof of general bad character or prior convictions until he puts his general good character in evidence, he is otherwise subject to impeachment the same as any other witness. *Favors v. State*, 145 Ga. App. 864, 865 (1) (244 SE2d 902). The charge on impeachment was not error.

Defendant also contends that the trial court's charge on similar transaction evidence was error. The trial court charged that the jury could consider similar transaction evidence for "the limited purpose of showing, if it does, the identity of the perpetrator or the state of mind, that is, the knowledge or intent of the defendant. . . ." Relying upon *Stephan v. State*, 205 Ga. App. 241, 244 (2) (422 SE2d 25), defendant maintains that the trial court did not sufficiently limit the purpose for which the similar transaction evidence was to be considered by the jury. However, the case sub judice may be distinguished on the facts, in that here there was no failure to comply with the mandate of *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649). In the case sub judice, the prosecutor made the required statement of the purpose for which the similar transaction was presented, the trial court made the requisite finding that the similar transaction evidence was admitted for a limited purpose, and the jury was appropriately charged as to that purpose. In *Stephan* there was no identification of the purpose for the admission of the similar transaction evidence and the trial court attempted without success to remedy this deficiency by a charge using a comprehensive list of possible purposes for which the similar transaction evidence might be admitted.

In order to support his claim of ineffective assistance of trial counsel, defendant must show both that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Sumner v. State*, 210 Ga. App. 856, 857 (6) (437 SE2d 855); *Davis v. State*, 209 Ga. App. 755, 757 (1), supra. Under the facts and circumstances of the case sub judice, the trial counsel's decision to waive any errors in the jury charge has not been shown to amount to a failure to render effective assistance of counsel.

2. The remaining enumeration of error contends that the trial court erred in allowing the prosecuting attorney to ask defendant leading questions designed to improperly place his character in issue. However, since defendant failed to raise any objection before the trial court, the issue now argued by defendant was not preserved for consideration on appeal. *Chunn v. State*, 210 Ga. App. 209 (1) (435 SE2d 728); *Self v. State*, 208 Ga. App. 447, 448 (1) (431 SE2d 126); *Kincer v. State*, 208 Ga. App. 360 (1) (430 SE2d 597); *Abreu v. State*, 206 Ga. App. 361, 363 (2) (425 SE2d 331).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 1, 1994.

*Megan C. De Vorsey*, for appellant.
*Lewis R. Slaton, District Attorney, Darrell T. Carver, Frances E. Cullen, Assistant District Attorneys*, for appellee.