## A97A0867. BROWN v. THE STATE.
(486 SE2d 385)

ELDRIDGE, Judge.

Appellant James Brown was indicted for the offenses of aggravated child molestation, statutory rape, and child molestation. A Fulton County jury found appellant guilty on both counts of molestation as charged; he was acquitted on the statutory rape count. Brown appeals, and we affirm.

1. Appellant first raises a claim of ineffective assistance of counsel. He argues that his trial attorney failed to introduce and properly utilize certain medical records wherein the victim made what appellant characterizes as prior inconsistent statements concerning the incident. Appellant asserts that the victim's prior statements to med-

---

ical personnel that appellant "did it rough," that he "put his thing in my privacy," and that he "put his 'dingaling' . . . in her privates," were contradicted both by the doctors' examination of the victim showing no evidence of bruising or penetration, and by the victim's own testimony at trial that appellant did not penetrate her vagina. Thus, appellant argues that his attorney's failure to use the medical records to impeach the victim denied appellant his Sixth Amendment right to effective assistance of counsel.

We have examined the medical records to which appellant refers, as well as the trial testimony of the victim, and find no error in trial counsel's failure to use the records.

As to the victim's statement in the medical records that appellant "did it rough," the appellant's molestation of the victim occurred some five to six months *prior* to the examination, thereby making negligible the lack of physical evidence supporting the victim's statement regarding appellant's "rough" treatment of her. Further, the victim's statement in the medical records was consistent with her trial testimony that the appellant had "hurt [her] really bad."

As to the victim's statements regarding penetration, a review of the transcript makes it quite plain that the victim, six years old at the time of the incident and twelve years old at the time of trial, was unclear about what act constitutes an act of penetration. The victim testified at trial alternately that appellant "had inserted his privacy into [her] privacy"; that he "put his penis in [her]"; that he was "unable" to penetrate her; and that he was unable to do so "all the way." These inconsistencies were put before the jury, and the victim's statements in the medical records added nothing new to her already conflicting trial testimony. Further, appellant was acquitted of the rape charge to which the issue of penetration speaks. Thus, the medical records were, in fact, unnecessary in order to disprove that offense, and would have added nothing exculpatory concerning the additional charges against the appellant, which charges contained allegations of oral sodomy and of "placing [appellant's] sex organ upon and against" that of the victim.

A defendant must meet two tests in order to prevail on his ineffective assistance of counsel claim: (1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; and (2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, i.e., "one whose results were reliable." *Owens v. State*, 207 Ga. App. 153, 154 (427 SE2d 529) (1993); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). As the medical records to which appellant refers had neither exculpatory value nor additional impeachment value, the failure to utilize these

records does not demonstrate error or prejudice so as to serve as a basis for a successful claim of ineffective assistance of counsel. Accordingly, appellant's allegations fail.[1]

2. Appellant contends that the trial court committed reversible error by failing to allow appellant to comment in closing argument on the state's failure to call witnesses. However, that portion of the defense closing argument which has been cited to this Court as forming the basis for this alleged error is one in which defense counsel specifically denied an intent to comment on the non-production of witnesses; counsel, instead, stated that his intent was to comment "on the fact that the only three witnesses we have heard from were children at the time of this alleged incident." Counsel was permitted to make this argument. There was no error.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 10, 1997 —
RECONSIDERATION DENIED APRIL 23, 1997 — Before
Judge Russell.

*Megan C. DeVorsey, Steven E. Phillips*, for appellant.

*Lewis R. Slaton, District Attorney, Clinton K. Rucker, Assistant District Attorney*, for appellee.

---

[1] Appellant also argues to this Court that three specifically identified portions of the prosecutor's closing argument were improper and that trial counsel's failure to object thereto made him ineffective. In addition, appellant argues that trial counsel was ineffective for failing to request a continuance in order to secure testimony from medical personnel. Neither of these contentions was raised with any specificity in appellant's amended motion for new trial so as to permit the trial court to implicitly rule thereon, nor were they argued at all during the evidentiary hearing on the motion so as to allow the trial court to rule thereon explicitly. The appellate courts of this state serve as courts of review, and there is no ruling by the trial court on these matters. Thus, this Court will not decide these added claims of ineffective assistance of counsel. *Buie v. State*, 254 Ga. 167, 169 (5) (326 SE2d 458) (1985); *Elliott v. State*, 253 Ga. 417, 420 (320 SE2d 361) (1984); *Webb v. State*, 178 Ga. App. 725, 727 (344 SE2d 660) (1986) (Beasley, J., concurring specially).