A00A0870. TURNER v. THE STATE.
(536 SE2d 814)

SMITH, Presiding Judge.

Jack Swayne Turner was indicted by a Hall County grand jury on one count of child molestation of his granddaughter. A jury found him guilty, the trial court denied his amended motion for new trial in a lengthy and thorough order, and he appeals, making more than 16 assertions of error in 11 enumerations. Finding no error, we affirm.

1. Turner asserts the general grounds. But, taking the victim's testimony as true, as we must, that evidence alone was sufficient to sustain the convictions. *Johnson v. State*, 231 Ga. App. 823 (1) (499 SE2d 145) (1998). Any questions of inconsistency or credibility were for the jury to resolve.

2. Turner contends the trial court erred in admitting evidence of a similar transaction that occurred in 1988, approximately nine years before trial. He asserts that the incident was too remote in time and that because the incident never resulted in an indictment or conviction, it is an "inescapable" conclusion that the similar transaction "never happened." But

> where similar transaction evidence has been admissible otherwise, lapses of time of 11 years and of 19 years have not demanded that the evidence was inadmissible. Further[,] the lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility. Moreover, the prior acts need not have resulted in a conviction before the acts are deemed admissible.

(Citations and punctuation omitted.) *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993). This enumeration therefore is without merit.

3. Turner also contends the trial court erred in admitting his custodial statement. Citing no authority other than *Miranda* itself, he contends he requested a lawyer during his interview with police. But "[i]f the suspect's statement is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning." *Smith v. State*, 231 Ga. App. 677, 682 (3) (499 SE2d 663) (1998). The interviewing investigator testified that at one point during Turner's statement, he recalled Turner "asking me if he needed a lawyer." In response, the investigator told Turner "if he didn't want to talk, he didn't have to. He could get a lawyer if he wanted to and we wouldn't talk any more." Turner responded that "he would go ahead and talk." Such ambivalent statements as "I guess I need a lawyer," "maybe I should talk to a lawyer," and "I don't know what to do," are not unambiguous requests for counsel and do not require officers to stop questioning or obtain clarification before continuing. Id. Moreover, the investigator did obtain clarification from Turner before continuing the interview, and Turner expressed a desire to continue. This enumeration of error is without merit.

4. In a single enumeration of error, Turner alleges ineffective assistance of trial counsel in almost every possible respect.[1] To prevail on a claim of ineffective assistance of counsel, it must be shown both that counsel's performance was deficient and that but for this deficiency the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. *Davis v. State*, 238 Ga. App. 84, 89 (7) (517 SE2d 808) (1999). The trial court's determination that Turner was afforded effective assistance of counsel will not be reversed on appeal unless it was clearly erroneous. *McCant v. State*, 234 Ga. App. 433, 436 (3) (506 SE2d 917) (1998).

(a) Turner first contends that his trial counsel was not prepared for trial or for a similar transactions hearing, that he performed an inadequate investigation, and that he spent an inadequate amount of time in consultation with Turner. Turner fails to point to any specific evidence in the record supporting these conclusory assertions in his

---

[1] We nevertheless review each allegation of error, as required by *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).

brief. Court of Appeals Rule 27 (c) (3). Nevertheless, we have reviewed the evidence in the record, which shows that Turner's counsel had been in practice for sixteen years with four or five years experience in criminal law at the time of Turner's trial. He had conducted approximately ten felony criminal trials, including one or two child molestation cases. He filed standard criminal trial motions, including discovery motions, and received items in response from the State. He spent approximately four to five hours discussing the case with Turner prior to trial. He formulated a strategy for the trial based upon Turner's version of events. He reviewed the facts alleged in the similar transaction and discussed them with Turner. Although trial counsel testified that Turner told him the witness had recanted, she apparently had not done so and testified at trial. Turner has failed to demonstrate either the manner in which his counsel's assistance in preparing for trial was inadequate or the effect, if any, of the alleged inadequacies upon the verdict.

(b) Turner complains that trial counsel failed to request jury instructions on the affirmative defense of accident or the State's burden of disproving an affirmative defense. It is true that "[t]he trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge. [Cits.]" *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). But to establish an evidentiary foundation for an instruction on an affirmative defense, the defendant must admit to the crime charged. See *Kelley v. State*, 235 Ga. App. 177, 179 (509 SE2d 110) (1998). Here, Turner specifically denied committing the act with which he was charged, insisting that he only touched the victim on her leg or upper thigh. Trial counsel correctly concluded that this was not "a true legal accident case," and his decision not to request inapt jury instructions was not ineffective.

(c) Turner complains that trial counsel failed to cross-examine the similar transaction witness in an effective manner, pointing to three alleged inconsistencies between her testimony and an earlier statement to police and trial counsel's failure to introduce results of a medical examination performed over two years after the alleged incident. We agree with the trial court that trial counsel did attempt to impeach the witness with these inconsistencies, except for one instance in which her inconsistent statement at trial was more favorable to Turner. But such matters as the examination of witnesses "are grounded in matters of trial tactics and strategy and do not provide a basis for finding counsel lacking. Such tactical decisions do not equate with ineffective assistance of counsel." (Citation and punctuation omitted.) *Rutledge v. State*, 237 Ga. App. 390, 392 (2) (515 SE2d 1) (1999). Finally, we have held that an inconclusive medical examination performed five or six months after an alleged incident of

molestation is not relevant and forms no basis for an ineffectiveness claim. *Brown v. State*, 226 Ga. App. 238, 239 (486 SE2d 385) (1997). Counsel was not ineffective in his cross-examination of the similar transaction witness.

(d) Turner next complains of trial counsel's failure to request a jury charge on false swearing under OCGA § 24-9-85 (b), arguing that inconsistencies in the similar transaction witness's testimony amounted to false swearing. Here, the inconsistencies were minor and in at least one instance favorable to Turner.

> A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence. A line exists between cases of impeachment (which can be any diminution of the credibility of a witness) and cases of knowing and wilful false swearing (which, when material, is perjury). The statute, accordingly, directs itself in its two parts to this division, and as to OCGA § 24-9-85 (b), it must be understood that the testimony which must be disregarded in its entirety is only that testimony which is wilfully and knowingly false. Defendant sought to contradict the testimony of the victim. There was no showing that the victim's testimony was wilfully and knowingly false or that the testimony was such as to render the purpose to falsify manifest. The proposed charge was not proper, and the court did adequately charge on the subject of credibility of witnesses.

(Citations and punctuation omitted.) *Grant v. State*, 197 Ga. App. 878, 880 (2) (399 SE2d 743) (1990). Trial counsel was not deficient in his conclusion that the inconsistencies did not rise to the level of "willfully and knowingly swear[ing] falsely" so as to support a charge under OCGA § 24-9-85.

(e) Turner next contends that trial counsel was ineffective in his failure to object to the trial court's decision to clear the courtroom during the victim's testimony pursuant to OCGA § 17-8-54. That Code section provides in part that, in a criminal trial, "when any person under the age of 16 is testifying concerning any sex offense, the court shall clear the courtroom of all persons except parties to the cause and their immediate families or guardians." Turner complains that one of his adult daughters, not the mother of the victim, and her husband were improperly among those cleared from the courtroom although they were members of his "immediate family." We assume without deciding that an adult child not living in the household of the party is a member of his "immediate family," although the statute does not define that term. We also note that the purpose of this Code

section is to protect the interest of the child witness, not the defendant, and failure to follow the statute does not violate the defendant's rights. *Martin v. State*, 205 Ga. App. 591 (422 SE2d 876) (1992). But we need not reach that issue, because Turner has failed to demonstrate how the clearing of two of his relatives from the courtroom when "everybody was made to leave the courtroom who was not an officer" prejudiced his cause or resulted in a different outcome at trial.

(f) According to Turner, trial counsel was ineffective in failing to object to the State's tendering of a photograph of the similar transaction witness at the time of the events to which she testified. But in his brief, he cites no authority and gives no reason that counsel should have objected, other than the general conclusory statement that it "was prejudicial to appellant and the prejudice far outweighed any probative value." The photograph itself does not appear unusual, and trial counsel testified at the motion for new trial that he felt it "was just a regular photo," that it would "be admissible upon proper foundation," and that an objection would be "a waste of time."

(g) Turner contends his counsel was ineffective in failing to request a jury charge under OCGA § 24-4-6, providing that the evidence, to support a conviction on circumstantial evidence, must exclude every other reasonable hypothesis save guilt. Such a charge was not required for several reasons. First, omitting a charge under this Code section is not harmful or erroneous as a matter of law when some direct evidence is presented and the jury receives a proper instruction on reasonable doubt, as was done here. *Nobles v. State*, 233 Ga. App. 63, 65 (5) (503 SE2d 321) (1998). Moreover, contrary to Turner's contention, the evidence presented by the State *did* exclude the hypothesis asserted by Turner: that he tripped and fell in the dark and inadvertently made contact with the victim's leg or thigh. The victim testified that she awoke to find Turner kneeling beside her bed, with his hand "up under the cover rubbing" her vaginal area repeatedly. She had to ask him to stop approximately three times before he finally stopped and left. Under these circumstances, the State's evidence directly contradicted Turner's contention that he inadvertently made contact with the victim's leg or thigh as a result of a trip and fall, and a charge on OCGA § 24-4-6 was not appropriate. Trial counsel therefore was not ineffective in failing to request such an instruction.

(h) Turner also complains that counsel was ineffective in failing to request a jury charge on *Miranda*. But counsel is not ineffective in failing to request a *Miranda* instruction when the trial court has already ruled against the defendant on that issue in a pretrial *Jackson-Denno* hearing. *Hardy v. State*, 240 Ga. App. 115, 118-119 (5) (522 SE2d 711) (1999). Here, the trial court found before trial "that

the defendant was advised of his rights and that he understood these rights and freely and voluntarily waived the rights and gave his statement freely and voluntarily. Therefore, the statement will be admissible at trial." Trial counsel's decision to forgo a jury instruction on *Miranda* therefore did not constitute ineffective assistance of counsel.

(i) Finally, Turner asserts as ineffective assistance of counsel the failure to reserve exceptions to the trial court's charge. But as discussed above, the exceptions asserted by Turner are without merit, and the trial court's charge completely and adequately addressed the issues raised by the evidence. When a trial court's charge is adequate and complete, failure to reserve exceptions is not prejudicial and does not constitute ineffective assistance of counsel. *Love v. State*, 214 Ga. App. 351 (447 SE2d 698) (1994).

Because the trial court's thorough, specific, and detailed finding that Turner was not denied effective assistance of counsel was not clearly erroneous, it must be affirmed. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

5. Turner's enumerations of error 1, 2, 6, 8, 9, and 10 are waived, as discussed in Division 4 above, by his failure to object or to reserve exceptions to the trial court's jury instructions. *Thomas v. State*, 224 Ga. App. 816, 819 (7) (482 SE2d 472) (1997). His enumeration of error 3, complaining of the trial court's clearing of the courtroom under OCGA § 17-8-54, is also waived by failure to interpose a contemporaneous objection.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JULY 5, 2000 —
RECONSIDERATION DENIED JULY 24, 2000

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer, Henderson & Lipscomb, David S. Lipscomb*, for appellant.

*Lydia J. Sartain, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.