A02A0845. DONALDSON v. THE STATE.
(565 SE2d 486)

PHIPPS, Judge.
Raymond Donaldson was convicted of aggravated child molestation and aggravated sexual battery based on charges that he fondled his niece's vaginal area and penetrated her vagina. The allegations against Donaldson were proven through testimony given by the victim and her mother, as well as the videotape of a pretrial statement by the victim to police. Donaldson's initial appeal to this court was dismissed because of his trial lawyer's failure to timely file a brief. On remand, a new attorney appointed to represent Donaldson obtained permission from the trial court to pursue this out-of-time appeal of his convictions. Donaldson challenges the sufficiency of the

evidence and the court's refusal to clear the courtroom during the victim's testimony, and he claims his trial counsel was ineffective. We find no error and affirm.

1. Donaldson charges his trial lawyer with ineffective assistance in, among other things, failing to object to the admission of hearsay statements in the victim's videotaped police interview relating to allegations that Donaldson molested another child.

We do not reach the question of whether counsel rendered ineffective assistance in failing to object to the evidence at issue, as Donaldson did not raise his ineffective assistance claim by motion for new trial even though he had the opportunity to do so through his current appellate counsel. Instead, Donaldson has raised the claim for the first time on appeal. Consequently, it has been waived.[1]

2. Donaldson challenges the sufficiency of the evidence to support his aggravated sexual battery conviction on the ground that there was no proof that he penetrated the victim's vagina.

To the contrary, the victim's statement to police and her trial testimony clearly authorized the jury to find that Donaldson penetrated her vagina with his fingernail.

3. Finally, Donaldson charges the trial court with error in refusing to grant the State's request that the courtroom be cleared of spectators during the victim's testimony as required by OCGA § 17-8-54.

Although the court did err in refusing the State's request, the error is not reversible. We have recognized that "the purpose of this Code section is to protect the interest of the child witness, not the defendant, and failure to follow the statute does not violate the defendant's rights. [Cit.]"[2] Moreover, Donaldson did not object to the court's refusal to clear the courtroom.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2002 —
RECONSIDERATION DENIED MAY 21, 2002.

*Timothy J. Crouch,* for appellant.
*Bryant G. Speed II, District Attorney, Fred R. Simpson, Leigh E. Patterson, Jason A. Lewis, Assistant District Attorneys,* for appellee.

---

[1] See *Ponder v. State,* 260 Ga. 840 (1) (400 SE2d 922) (1991).
[2] *Turner v. State,* 245 Ga. App. 294, 297-298 (4) (e) (536 SE2d 814) (2000).